ALBANY,
Feb. 1827.

Frost
v.
Clarkson.

</div>

---

---

FROST *against* CLARKSON and CLARKSON.

[\*25]

ON error from the C. P. of the city and county of New York. The plaintiff, Frost, brought an action against the defendants, the Clarksons, in the court below, for money \*had and received. On the trial, he made out the following case, which was found by special verdict: That G. Hoyt,

*An agreement to transfer stock of an incorporated company, at a future day, the vendee advancing money upon it; hav-*

ing no intention to take a transfer; but merely to speculate upon the rise and fall of stocks in market, is not void as against public policy.

Such a contract to transfer at 60 days, 100 shares of stock in an incorporated company, the vendor owning them at the time, and having a right to transfer them, is good, though he sell out all but 40 shares, intermediate the contract and time of transfer. The statute, 2 R. L. 187, s. 18, avoids such a contract only where the vendor does not own the shares at the time of the contract.

The vendee cannot recover, as money had and received, his advance upon such a contract, merely on the ground that, at the end of the 60 days, the vendor owned but 40 shares; for the sale is not of any 100 particular shares; but any 100 shares in the company; and if the vendee is ready to receive a transfer and pay, other one hundred shares may be procured in market.

Otherwise, where a party to whom money is advanced as the consideration for doing an act, puts it out of his own power to perform. In such case, he is liable for money had and received, even without notice or request.

So where he prevents the opposite party from performing.

These positions illustrated by the cases.

a stockbroker, November 22d, 1824, made a contract with the defendants, for the purchase of 100 shares of Pacific Insurance stock; and the defendants signed a contract, stating that they had, on that day, sold Hoyt 100 shares of Pacific Insurance, at 103 1-4 per cent. and interest at the rate of 6 per cent., deliverable at his option, in 60 days, upon which they acknowledged to have received $250. At the same time, Hoyt signed an instrument, stating that he had, that day, purchased of the defendants 100 shares of Pacific Insurance at 103 1-4 per cent., to be delivered at his option, in 60 days, and interest at the rate of 6 per cent.; upon which he had paid $250. And he thereby agreed, that if the stock should fall from the present price, he would pay the defendants a further sum thereon, viz. : so much as should reduce the price thereof at least 4 per cent. below the then market rate of the same. The $250 were paid at the time; and the defendants owned 100 shares of Pacific Insurance stock; and had a right to transfer. They never did transfer it, however; but, within the 60 days, sold out to various persons, till at the end of the 60 days, they owned but 40 shares. After the 60 days, they offered personally to Hoyt to transfer 100 shares, and requested him to pay the money or the difference. He refused. The defendants did not tender the stock or certificates for the stock. At the end of the 60 days, the market price of the stock was 95 1-2 to 96 per cent. In this transaction, Hoyt acted as the agent of the plaintiff, who furnished the money; and intended to purchase the stock merely for the purpose of speculating on the rise and fall in the market. He did not intend to accept a transfer; but only to pay or receive the difference between the price mentioned in the contract, and the market price. Of the plaintiff's intentions the defendants knew nothing, however, till after the 60 days had expired. Hoyt contracted as principal; and neither he nor the plaintiff ever offered to pay, nor requested a transfer; and never offered to accept of the stock or shares.

[*26]          *The court below gave judgment for the defendants.

*J. S. Mitchell,* for the plaintiff in error, cited 2 R. L. 187; 1 Com. on Contr. 43; 7 John. 434; 1 Cowen, 345; 12 John. 274; 7 T. R. 181; 5 John. 85; 2 Esp. Rep. 522; 1 id. 7; 7 John. 434; 2 Bl. Rep. 1073; 5 John. 175; 3 John. Rep. 186; 2 Com. on Contr. 3.

ALBANY,
Feb. 1827.

Frost
v.
Clarkson.

*P. A. Jay,* contra, cited 12 John. 212; 1 Str. 407; 1 Ld. Raym. 440; 4 East. 607.

*Curia, per* SAVAGE, Ch. J.   The plaintiff contends he is entitled to recover the money advanced upon one of two grounds: 1. That the contract itself is void by statute: 2. If not void, yet it has been rescinded by the defendants.

1. The statute is as follows: " That all contracts, written or verbal, hereafter to be made, for the sale or transfer, and all wagers concerning the prices present or future, of any certificate or evidence of debt, due by, or from the United States, or any separate state, or any share or shares of the stock of any bank, or any share or shares of the stock of any company, established, or to be established, by any law of the United States, or any individual state, shall be, and all such contracts are hereby declared to be absolutely void; and both parties are hereby discharged from the lien and obligation of such contract or wager; unless the party contracting to sell and transfer the same shall at the time of making such contract, be in the actual possession of the certificate, or other evidence of such bebt or debts, share or shares, or be otherwise entitled in his own right, or duly authorized or empowered by some person so entitled, to transfer the said certificate, evidence, debt or debts, share or shares, so to be contracted for.   And the party or parties who may have paid any premium, differences, or sums of money, in pursuance of any contract hereby declared to be void, shall and may recover all such sums of money, together with damages and costs, by action on the case, in assumpsit for money *had and received to the use of the plaintiff, to be brought in any court of record." 2 R. L. 187, s. 18.

Under this statute, it is contended by the plaintiff, that

[*27]

ALBANY,
Feb. 1827.

Frost.
v.
Clarkson.

the contract was not for a *bona fide* transfer of the stock, but a mere wager concerning the price : and he relies on the fact so found by the jury as to himself; and the finding that the defendants, in fact, sold the shares within the 60 days, and at the expiration of that time owned but 40; and that when the defendants called on Hoyt, after the 60 days had expired, they requested him to accept the shares, and pay the money, or to pay the difference.

As it does not appear that the defendants knew anything of the plaintiff in the contract when it was made; and, of course, knew nothing of his intentions to speculate merely; and as they actually held the 100 shares at the time of making the contract, there is little or no evidence of their intent merely to speculate in the prices of stocks. The contract, therefore, was not void within the statute when made. The defendants may have acted with a *bona fide* intention to transfer the shares within the 60 days; and the fair presumption is, that such was their intention. If so, then the contract is lawful within the words of the act. On this point, the English decisions do not aid us, as their statute of 7 Geo. II. ch. 8, is not like ours.

2. It becomes necessary, therefore, to inquire whether the contract has been rescinded. The cases cited show conclusively, that where a party receives money, upon his undertaking to do what he has it not in his power to perform; or when he puts it out of the power of the other party to perform, an action for money had and received lies to recover back the advance.

In *Hogan* v. *Shee*, (2 Esp. 522,) the action was to recover £100 paid upon the defendant's representation, that he could and would procure a place for the plaintiff's brother. It was held that an action lay immediately, as the defendant could not perform what he had undertaken.

In *Giles* v. *Edwards*, (7 T. R. 181,) the defendant having received money on a contract in which the performance by the plaintiff depended on acts previously to be *done by the defendant; on his refusing and neglecting to perform on his part, an action was held to lie for the advance, as

[*28]

for money had and received by the defendant to the plaintiff's use.

In the case of *Raymond* v. *Bearnard*, (12 John. 274,) the court permitted the plaintiff to recover an advance made by him, on a contract for whiskey, on the ground that the defendants had put an end to the contract, by refusing to deliver the whiskey after the time stipulated. And the court say the defendants, by their own act, defeated a performance. There being, then, no contract in existence, the plaintiff had judgment for the money advanced by him.

These cases are authority for the plaintiff, provided the transfer of the shares held by the defendants put it out of their power to perform.

But it was no part of the contract that those identical shares should be transferred. Any 100 shares were of equal value; and though they might buy and sell 1000 shares of the same stock; and though they might not have held a single share one day after the contract was made; it does not follow that they could not have fulfilled their contract at any time, on demand; for, though they had not the shares, they might, in a few minutes, procure them. Had the plaintiff offered to fulfil on his part, and demanded a transfer from the defendants, which they had refused to make, then the case of *Raymond* v. *Bearnard* would have been conclusive in favor of this action.

In the case of *Shales* v. *Seignoret*, (1 Ld. Raym. 440,) the defendant covenanted to transfer, on a certain day, on giving three days' notice, £1000 of bank stock. In an action on the covenant, the defendant pleaded that on the day prior to the day appointed for making the transfer, the plaintiff had no bank stock. On demurrer, the whole court held the plea bad; because, though the plaintiff had no stock on the day previous, yet he might have performed his contract within the time; for the covenant was not to transfer any particular bank stock, which he held at the time of the covenant; but any £1000 of bank stock. So *here, the contract was not to transfer the identical shares which the defendants then held; but 100 shares of the stock of that particular company.

[*29]

ALBANY,
Feb. 1827.

In the case last cited, the plaintiff was not permitted to recover, because it did not appear that he had transferred. The covenant was, that he should transfer; and, upon such transfer, the defendant should accept and pay. The transfer was to be the previous act; and the court said no transfer, no money.

In the case before us, the plaintiff was to make known his option, and pay the balance. There is no ground, therefore, for the allegation that the contract was rescinded by the acts of the defendants. The case of *Porter* v. *Rose*, (12 John. 212,) would be an authority, if the action was brought upon the contract. It is not pretended, I presume, that such an action can be sustained, without averring performance by the plaintiff. But the question now is, simply, whether the fact of the defendant's owning but 40 shares at the expiration of the 60 days, amounts to a rescinding of the contract. In my judgment, it does not. If this is correct, the judgment below must be affirmed.

Judgment affirmed.