PATRICK J. WHELAN, Respondent, v. THE ANSONIA CLOCK COMPANY, Appellant.

Plaintiff contracted to varnish clock cases for defendant at specified prices per case. The work was done in defendant's factory. The plaintiff received pay, on regular pay-days, for work completed, which had been examined and pronounced satisfactory by defendant's agent. Defendant's factory was destroyed by fire, and a large number of cases were burned, upon which plaintiff had performed work; some were completed but not inspected; the others were not finished. *Held*, that defendant was liable for the work done, and plaintiff was entitled to recover the contract price for the completed work; and upon a *quantum meruit* for that unfinished; and this, whether the relation of master and servant existed between the parties, or whether plaintiff was a contractor to do the work.

(Argued October 22, 1884; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 12, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 27 Hun, 557.)

This action was brought to recover for work alleged to have been done and performed by plaintiff for defendant.

It appeared that the parties entered into an agreement, by which plaintiff was to varnish clock cases for defendant at specified prices per case, the work to be done in defendant's factory. Plaintiff was paid on the regular pay-days in the factory, for the completed work which had been inspected and pronounced satisfactory by defendant's agent. Defendant's factory was destroyed by fire, and a large number of cases, upon which plaintiff had worked, were burned; a portion of them were finished, but had not been inspected; the others were unfinished. Defendant claimed that the loss must fall upon plaintiff as it was only liable for work completed, and which had passed inspection. The court charged that the loss fell upon defendant, and that plaintiff was entitled to recover for the work done, whether finished or not, for the finished work the contract price, and for the unfinished, upon a

*quantum meruit.* To which defendant's counsel duly excepted.

*Marshall P. Stafford* for appellant. Plaintiff was an independent contractor and not a mere employe of defendant. (*Kings* v. *N. Y. C. R. R.*, 66 N. Y. 181, 186; *Town of Pierrepont* v. *Loveless*, 72 id. 211, 214.) The fact that the work was done on premises owned by defendant does not in any wise affect the question or alter the relation. (*King* v. *N. Y. C. R. R. Co.*, 66 N. Y. 187.) The fact that the work was to be inspected by the defendant and pronounced satisfactorily done before defendant accepted it and became liable to pay for it did not change the plaintiff's character as an independent contractor and make him a mere employe of defendant. (*Kelly* v. *New York*, 11 N. Y. 432; *Pack* v. *New York*, 8 id. 222; *Hunt* v. *Pa. R. Co.*, 51 Penn. St. 475.) The condition precedent of the contract not having been complied with, plaintiff had no cause of action. (*Oakley* v. *Morton*, 11 N. Y. 437; *Smith* v. *Brady*, 17 id. 173; *People's Bk.* v. *Mitchell*, 73 id. 411; *Hoffman* v. *Gallahar*, 6 Daly, 42; *Guidet* v. *The Mayor*, 36 N. Y. Supr. 557; *Cunningham* v. *Jones*, 20 N. Y. 486; *Bonesteel* v. *Mayor*, 22 id. 162; *Brown* v. *Weber*, 38 id. 187.) Any loss by fire before work had been finished, inspected and accepted falls upon plaintiff and not upon defendant. (*Harmony* v. *Bingham*, 12 N. Y. 107; *Tomkins* v. *Dudley*, 25 id. 272, 275; *Andrews* v. *Durant*, 11 id. 35; *Moore* v. *Hitchcock*, 4 Wend. 292; *Wheeler* v. *McFarland*, 10 id. 318; *Eaton* v. *Lyndt*, 15 Mass. 242; *Benedict* v. *Murray*, 3 Vt. 302; Story on Bail., § 394; *Van Natta* v. *Sun N. I. Co.*, 2 Sandf. 490; *Savage* v. *Corn Ex. I. Co.*, 36 N. Y. 655; *Buffalo Steam E. W.* v. *Sun Mut. I. Co.*, 17 id. 401; *Tallman* v. *Atlantic I. Co.*, 3 Keyes, 87; *Franklin Fire Ins. Co.* v. *Coates*, 14 Md. 285; *McConihe* v. *Erie R. Co.*, 20 N. Y. 449, 497; *Morton* v. *Woodruff*, 2 id. 153.) Upon the undisputed state of facts plaintiff had no cause of action, and under such circumstances defendant's motions to dismiss should have been granted. (*Deyo* v. *N. Y. C. R. R.*, 34 N. Y. 9; *Wichels* v. *H. R. R. R.*, 29 id. 315; *Stevens* v. *O. & S. R. R.*, 24 id. 30;

*Labor* v. *Coplin,* 4 id. 547; *Carpenter* v. *Smith,* 10 Barb. 663; *McCartin* v. *Taylor,* 2 id. 356; *Done* v. *Eddy,* 16 Wend. 353.)

*J. D. Bell* for respondent.   The defendant should bear the loss occasioned by the fire on its premises. (Broom's Leg. Max. 217; *Niblo* v. *Binsse,* 3 Abb. Ct. App. Dec. 375.)   Plaintiff can recover on *quantum meruit,* notwithstanding that the inspection had not been had.   (*Wolfe* v. *Howes,* 20 N. Y. 197, 202; *Jones* v. *Judd,* id. 411; *Howell* v. *Gould,* 2 Abb. Ct. App. Dec. 418.)   If the plaintiff was an independent contractor, the defendant is still liable.   (*Niblo* v. *Binsse,* 3 Abb. Ct. App. Dec. 375.)   It is part of the contract that the owner of property on which work and labor are to be performed should have such property in being and condition to have such labor performed, and if he fails for any cause he must respond on the *quantum meruit* to the workman, whether he be servant or independent contractor. (Edwards on Bailments [2d ed.], § 425; *Mentone* v. *Athawes,* 3 Burr. 1592; 2 Kent's Com. 591; *Atkinson* v. *Bell,* 8 B. & C. 277.)   The cases that deal with the question of the distinction between master and servant and independent contractor are suits by outside persons for torts. (*Kings* v. *N. Y. C. R. R.,* 66 N. Y. 181; *Town of Pierrepont* v. *Loveless,* 72 id. 211.)

*Per Curiam.*   It matters not whether the relation of master and servant existed between these parties, or whether the plaintiff was a contractor with the defendant to do the work upon the clocks.   Upon the authority of the case of *Niblo* v. *Binsse* (3 Abb. Ct. App. Dec. 375), the defendant was liable for the work done, as the clocks belonged to it, were in its possession and under its control, and it was under an implied obligation to furnish and keep them on hand that the plaintiff could complete his work upon them and thus earn his compensation.

The judgment should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.