## BRIGGS *v.* OTTMANN.

(*Common Pleas of New York City and County, General Term.* December 3, 1888.)

1. SALE—REMOVAL OF GOODS BY PURCHASER—LIMITATION AS TO TIME.

Plaintiff bought two "flying bridges" from defendant on premises leased by the latter for a term expiring February 1st, agreeing to remove them by that time. He began the work January 26th, and had done very little; when on the 28th defendant informed him that, if he did not on that day put men enough at work to remove them, he would cause it to be done himself. Plaintiff not complying with this notice, defendant gave the bridges to another party on the next day, who completed the removal on the 30th, employing 12 or 15 men nearly 2 days. Plaintiff appeared on the 29th, and announced his ability and willingness to remove them by February 1st, if necessary. *Held,* that plaintiff could recover the value of the bridges, as the time for their removal had not expired, and defendant had no right to assume that plaintiff would fail to comply with his contract.

2. SAME—DELAY OF PURCHASER IN REMOVING GOODS.

Plaintiff having bought and paid for the bridges, defendant had no right to give them away, though plaintiff was dilatory in removing them.

Appeal from city court, general term.

Action by Henry C. Briggs against Jacob Ottmann, for the value of two "flying bridges" sold by defendant to plaintiff, and converted by defendant before their removal. The action was brought in the city court, and a judgment was rendered for defendant at trial term, which was affirmed by the general term. Plaintiff again appeals.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*Benjamin G. Hitchings,* for appellant. *Goepel & Raegener,* (*Louis C. Raegener,* of counsel,) for respondent.

VAN HOESEN, J. The plaintiff bought from the defendant a smoke-stack and two flying bridges for $25, and was to remove them from the premises that the defendant occupied, but which he was compelled to surrender to his landlord. After agreeing to make the sale to the plaintiff, the defendant disposed of the smoke-stack to a Mr. Fagan. This breach of contract entitled the plaintiff to damages, and an adjustment was effected by the plaintiff's agreeing to accept the sum of $10 and the two bridges. As I understand the evidence, the plaintiff had an absolute right to the two bridges. These transactions took place just prior to the 25th day of January, and the plaintiff knew that on the 1st of February the defendant was to yield possession of the property to which the bridges were attached. Although the consequences of a failure on the part of the defendant to remove the bridges on or before the 1st of February are not known to us, it is certain that the plaintiff was informed that it was the wish of the defendant that they should be removed before that day. The plaintiff began to remove the glass-work and the bolts of one of the bridges on the 26th of January, but he did not prosecute the work with vigor; and accordingly, on the 28th of January, the defendant wrote to the plaintiff that, if by 1 o'clock of that day he did not send down a force of men, other persons would be employed to remove the bridges. As the plaintiff did not at the time designated put his men to work, the defendant gave the bridges to Fagan, who took them down. Soon after Fagan began the work the plaintiff appeared, and said that he was ready, able, and willing to remove the bridges in a day, if such dispatch were necessary. It took 12 or 15 men the greater part of 2 days to get the bridges out of the way. They were removed before the close of January 30th. It appears, therefore, that though the plaintiff had, according to the defendant's concession, until the 1st of February to remove the bridges, the defendant took the bridges away from him, and gave them to Fagan, on the 29th of January. This, clearly, he had no right to do. It was not impossible for the plaintiff to do what Fagan easily accomplished, and the defendant had no right to assume that the plaintiff would fail to do the work. A breach of contract is not to be pre-

sumed. In the case of *Shales* v. *Seignoret*, 1 Ld. Raym. 440, the defendant covenanted to transfer, on a certain day, on giving three days' notice, £1,000 of bank stock. In an action on the covenant, the defendant pleaded that, on the day prior to the day appointed for making the transfer, the plaintiff had no bank stock. On demurrer, the whole court held the plea bad; because, though the plaintiff had no stock on the day previous, yet he might have performed his contract within the time. See *Frost* v. *Clarkson*, 7 Cow. 28. It seems to me, therefore, that assuming, as the defendant assumes, that the agreement of the parties was not a contract for the transfer of the title to the bridges, but merely a contract for work and labor to be performed before a specified time, the defense is not to be sustained. But, as I understand the case, the bridges were sold to the plaintiff, and had been paid for by the accord and satisfaction that followed the breach by the defendant of his contract to sell the smoke-stack to the plaintiff. If this be so, what right had the defendant to give or sell them to Fagan, even if the plaintiff were slow in removing them? The judgment should be reversed, and a new trial ordered, with costs to abide the event.