HOWELL *v*. JOSEPH EDWARDS DREDGING CO.

*(Supreme Court, General Term, First Department.* February 11, 1891.)·

MASTER AND SERVANT—CONTRACT OF HIRING.

Plaintiff had been in the employment of defendant, a dredging corporation, for the season of 1887. In January, 1888, defendant's superintendent, with the assent of the company's manager, wrote plaintiff to proceed to New York on the Monday following, adding: "Wages as usual, next spring, $125." Plaintiff performed his duties without objection until the middle of March, when he was discharged by the president of defendant. A by-law of defendant vested the power of employment in the executive committee, but it was proved that the president reserved a negative over that authority, and that he had assented to plaintiff being sent for. *Held*, in an action for salary for the other months of the season, that the question whether plaintiff's engagement was monthly or for the season was for the jury.

Appeal from circuit court, New York county.

Action by Milo Howell against The Joseph Edwards Dredging Company. There was a verdict for plaintiff for $900. From the judgment entered thereon in his favor, the defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Sullivan & Cromwell*, (*W. J. Curtis* and *Alfred Jaretzki*, of counsel,) for appellant. *Hatch & Warren*, for respondent.

DANIELS, J. The verdict was recovered for the amount found owing from the defendant to the plaintiff on an employment for the rendition of personal

services. The defendant was engaged in the business of using and operating dredges in and about the harbor of the city of New York, and the plaintiff had been in its service in the year 1887. As he was about to leave that service near the close of that year, an interview took place between himself and his brother, who had been and then was the superintendent, concerning his employment for the season of 1888. This was not definitely arranged at that time, but on the 26th of January, 1888, his brother, with the approval of the manager of the company, wrote to the plaintiff to come on the Monday following, adding: "Wages as usual, next spring, $125." The plaintiff thereupon repaired to the city of New York, and there again entered the defendant's service, and continued to perform his duties without objection from any person until the 16th of March, when he received a letter from the president of the company, dismissing him from its employment. He was paid up to the 1st of April, and in the year 1889 commenced this action for his monthly compensation for the other months of the season. The defendant objected that it was not liable, for the reason that no contract of employment for the season had been made under its authority with the plaintiff. But while the by-law of the company adopted in 1887 vested the power of employment in the executive committee, it was proved by the evidence of the president that he had reserved a negative over that authority; and he, as well as the manager, had assented to the act of the superintendent, which requested the plaintiff to proceed, as he afterwards did, to New York, and enter into the service of the company, but at no greater monthly compensation than $100 per month. As to the rate of compensation, there was a conflict between them and the superintendent; but as to the fact of employment under their authority there remained no serious ground for dispute; and that the employment was with the assent of the company, even under the power confided to the executive committee, could well be inferred by the jury from all that was proven to have been said, and the acceptance of the plaintiff, and the performance of his services, in the month of February, and for the first half of the month of March. And whether the employment was only monthly, as the defendant contended was the fact, or for the season, was equally the province of the jury to decide. The understanding between the plaintiff and his brother, the superintendent, was that the employment was for the season, and the fact that the business was done by and extended through the season empowered the jury to consider whether the employment was monthly or for the season. There was surely nothing said by the manager or the president that it should be monthly, and it could be very well inferred from the proof that the season was what was intended by all. It is without doubt the law that a contract, whether of employment or otherwise, to be binding upon a corporation must be made with a person permitted by it to exercise that authority; and that fact must be maintained by the party insisting upon the benefit of the agreement. *Adriance* v. *Roome*, 52 Barb. 399; *Risley* v. *Railroad Co.*, 1 Hun, 202; *De Bost* v. *Albert Palmer Co.*, 35 Hun, 386. But positive proof of the authority has not been required. Its existence may be inferred from facts, as other conclusions in the course of the administration of the laws are allowed to be drawn; and the facts of this case were such as to sustain the inference that this authority had been confided to the superintendent, which was exercised in employing the plaintiff. *Wilson* v. *Railroad Co.*, 114 N. Y. 487, 21 N. E. Rep. 1015; *Jourdan* v. *Railroad Co.*, 115 N. Y. 380, 22 N. E. Rep. 153. Exceptions were taken in several instances to evidence received to prove the authority as well as the employment; but it was all pertinent to one or the other of these objects, and lawfully received by the court. The evidence of the plaintiff as to his inability to obtain other employment satisfied the jury, as it very well might, of the existence of that inability; and upon the whole case they were warranted in concluding that the plaintiff had been employed for the season, but at the rate of compensation of $100 a

month. The case in all its inquiries presented by the evidence was for the jury, and the judgment entered on their verdict and the order appealed from should be affirmed. All concur.