### STRACK v. HURD.

(*Supreme Court, General Term, Third Department.* November 30, 1891.)

ACTION ON CONTRACT—CONFLICTING EVIDENCE.

In an action on a contract for cutting cord-wood, plaintiff averred that defendant, by failing to measure and accept the wood when a certain quantity had been cut, had abandoned the contract, so that plaintiff was entitled to recover for such part of the contract as he had performed. *Held*, that the question whether defendant had failed to perform his part of the contract was properly submitted to the jury on conflicting evidence.

Appeal from circuit court, Franklin county.

Action by Peter A. Strack against John Hurd. From a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*S. A. Beman,* for appellant. *Gordon & Main,* for respondent.

MAYHAM, J. This action was prosecuted to recover a balance claimed to be due the plaintiff from the defendant on a contract between plaintiff and defendant for cutting and skidding logs, and cutting and piling wood, along the track of the Northern Adirondack Extension Railroad. The complaint alleges that the plaintiff entered into an agreement with the defendant to cut the timber along the right of way of the Northern Adirondack Extension Railroad from Big Marsh, so called, to Tupper's Lake station, a distance of between 18 miles; timber fit for that purpose to be cut into saw-logs at an agreed price of 35 cents per 19-inch standard, to be paid for 25 cents per standard when said logs are skidded and accepted by the defendant, and 10 cents per standard when the contract was completed, and the remainder of the timber along such right of way to be cut into cord-wood at and for the agreed price of 75 cents per cord, to be paid by the defendant as follows: 65 cents per cord when measured and accepted, and the balance of 10 cents per cord when the contract is completed. The complaint further alleges that the plaintiff under this contract cut 404 cords of wood, and about 60 standard logs; admits payment of $272.60, being 65 cents per cord for the wood, and $10 to apply on the logs. The complaint also alleges the cutting of 202 cords more of wood, and 68 standard saw-logs, and admits payment thereon of $56; but alleges the refusal to pay according to the contract the 65 cents per cord for wood, and 25 cents per log for the logs, and charges that as a breach of the contract of the defendant, and claims damages in the sum of $300. The answer sets up the contract substantially as that alleged in the complaint, except that the cord-wood was to be cut four feet and four inches long, and that it was to be good merchantable cord-wood, and cut and piled in a good merchantable manner, and that the logs were to be skidded at a suitable height to be conveniently loaded on railroad cars, and alleges a breach of the contract on the part of the plaintiff in various particulars, and claims damages to the amount of $200. The main contention in this case seems to be whether this was an entire contract for the performance of this work, so that a complete performance was a condition precedent to the liability on the part of the defendant to pay for the same, and, if it was, then which of the parties was first in default in the performance of his obligation.

The complaint alleges that the plaintiff contracted to cut the wood and logs on the right of way for the whole 18 miles between the swamp and Tupper Lake station. This would seem to make the performance of this work one en-

tire job, for the performance of which the plaintiff would be liable, and proof of performance would be a prerequisite to plaintiff's right of recovery, unless the failure of the defendant on his part to perform some of the conditions obligatory upon him relieved the plaintiff from full and complete performance. *McMillan* v. *Vanderlip*, 12 Johns. 165; *Crane* v. *Knubel*, 61 N. Y. 645. But it is insisted by the plaintiff that the defendant was guilty of a breach of the agreement on his part in not measuring and accepting the 202 cords of wood and the 68 logs last cut, and, by reason of that failure on the part of the defendant, the plaintiff was at liberty to abandon the further performance on his part, and sue for and recover upon the contract price the balance at that time not paid. If the plaintiff was right in this contention upon the facts, the rule of law contended for by him would apply. The law would not compel the plaintiff to proceed with the contract, and perform all he had agreed to do under it, after the defendant had failed on his part to pay the stipulated installments at the time they fell due, and while he was in default on such payments, (*Moore* v. *Taylor*, 42 Hun, 45;) and if such default existed, the plaintiff, for the work actually performed, could recover at the contract price. (*Whelan* v. *Clock Co.*, 97 N. Y. 293.) There was a conflict in the evidence whether the work as far as performed was done in accordance with the terms of the contract, and whether the defendants had failed to pay the installments on the contract as they fell due. These disputed facts were, we think, properly submitted to the jury, under proper instructions from the learned trial judge, and their verdict upon the disputed facts should not, we think, under the evidence in this case be disturbed. Judgment affirmed, with costs.

All concur.