## CUNNINGHAM *v.* MASSENA SPRINGS & FT. C. R. CO.

*(Supreme Court, General Term, Third Department.* April 4, 1892 )

**1. CORPORATION—VALIDITY OF CONTRACT—EVIDENCE.**
In an action against a railroad company on a contract for building its road, it appeared that plaintiff commenced breaking ground for the road in the presence of defendant's president and 12 or 15 of its directors; that the president pointed out plaintiff as the contractor for building the road; that plaintiff prosecuted the work, receiving large amounts of money and material from defendant for that purpose; and that plaintiff was recognized as the contractor by a resolution of defendant's directors. *Held* sufficient to show a valid contract on the part of defendant corporation.

**2. SAME—ULTRA VIRES—ACCEPTANCE OF BENEFITS.**
Defendant contended that so much of the contract as provided for the building of a pile bridge and a small piece of road adjoining, but beyond the end of, its line, was *ultra vires* and void; but it appeared that the work was done in good faith, with materials and money furnished by defendant, and that defendant had taken possession of both, and accepted their benefits. *Held*, that defendant could not avail itself of that objection.

**3. SAME—RECOVERY OF MONEY PAID.**
Whether such contract was or was not *ultra vires*, defendant, having fully paid for the bridge and the piece of road, could not recover the same, and was not entitled to credit therefor against plaintiff in the settlement of their accounts by a referee.

**4. CONTRACTS—ABANDONMENT OF WORK—NONPAYMENT OF INSTALLMENTS.**
Defendant having failed to meet the payments provided for in the contract, plaintiff was justified in abandoning the work.

**5. EVIDENCE—MEMORANDUM OF WITNESS.**
A witness testified that, as the work progressed, he measured it from time to time, and when finished made a memorandum of the whole work done, but did not remember the result, independently of the memorandum. *Held*, that the memorandum was properly received in evidence.

**6. SAME—DOCUMENTS.**
A paper purporting to be an agreement between defendant and a third person, tending to show that defendant, through its employe, took charge and control of the pile bridge in question, and finished the same, was properly received in evidence on behalf of plaintiff, in view of the defense of *ultra vires* made by defendant in respect to the contract for building such bridge.

**7. SAME—PAROL EVIDENCE.**
The written contract between the parties having contained only a part of the actual contract, the referee properly admitted evidence of conversations between plaintiff and defendant's president, supplementing the written contract.

**8. SAME—KNOWLEDGE OF DEFENDANT.**
> The fact that, at the breaking of ground for the road, plaintiff was pointed out by defendant's president to the directors as the contractor who was to do the work, was properly received in evidence to show knowledge of and assent to his employment on the part of the directors.

Appeal from judgment on report of referee.

Action by Marcus C. Cunningham against the Massena Springs & Ft. Covington Railroad Company to recover on a contract for building defendant's road. Paper A, referred to in the opinion, was an agreement between defendant and Richard Young for the completion of the pile bridge mentioned in the opinion. From a judgment for plaintiff, defendant appeals. Affirmed.

For a decision on appeal from an order granting plaintiff's motion for a bill of particulars, see 3 N. Y. Supp. 98.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Walter J. Mears,* (*William T. Cantwell,* of counsel,) for appellant. *Matt C. Ransom,* for respondent.

PUTNAM, J. Plaintiff brought this action to recover a balance claimed to be due for constructing a portion of defendant's railroad under a verbal contract alleged to have been made with one Foster, president and general manager of defendant, and which contract was afterwards in part reduced to writing. The case was tried before a referee, who found in favor of the plaintiff. The defendant insists that the referee made various errors in his rulings in the course of the trial, and in his findings upon the facts and law, for which judgment should be reversed.

1. Defendant claims that the referee erred in finding that there was a valid contract entered into between the defendant (through Foster) and plaintiff on the 23d of October, 1884, with the terms and conditions as stated in his report; that the evidence does not sustain such finding. Plaintiff testified to the making of the contract with Foster. It was shown by several witnesses, without objection, that Foster, who was president of the defendant, was also its general business manager. After the contract it appears that, in the presence of 12 or 15 of the defendant's directors, ground was broken and the work was commenced by the plaintiff, and that Foster then and there pointed him out as the contractor who was to build the road. Plaintiff went on with the work in pursuance of the contract made with Foster, and the defendant not only furnished materials necessary to be used in said work, but made payments thereon to a large amount. The testimony indicates that plaintiff, under the contract with Foster, performed the work with the knowledge and consent of defendant's officers. He was also recognized as a contractor by a resolution passed at a meeting of defendant's directors. A corporation may become bound by a contract express or implied, under the same circumstances as an individual. To make a corporation liable, it is not necessary to show an express resolution passed at a meeting of its directors. Where a party does work or furnishes materials to a corporation under a contract with one assuming to act as its agent, to the knowledge of its officers, without dissent on the part of the corporation, it will be held to have ratified the contract, and liable thereunder. *Lee* v. *Coal & Mining Co.,* 56 How. Pr. 373; *Wilson* v. *Railroad Co.,* 114 N. Y. 487, 21 N. E. Rep. 1015; *Howell* v. *Dredging Co.,* (Sup.) 13 N. Y. Supp. 349; *Marine Bank of Buffalo* v. *Butler Colliery Co.,* (Sup.) 5 N. Y. Supp. 291; *Martin* v. *Manufacturing Co.,* 44 Hun, 137. The evidence given in the case amply sustains the finding of the referee in the regard above mentioned, and also his finding that said contract was subsequently, and on or about January 21, 1886, partially reduced to writing.

2. But the defendant says that, although Foster might be authorized to make a contract with the plaintiff to construct the road on defendant's line, he was not authorized to contract for the building of a bridge and a piece of

road beyond defendant's line; that such a contract was *ultra vires*. Foster could not make it under the authority conferred upon him by defendant's directors, and the defendant itself could not legally enter into such an agreement. It was shown on the trial that, under the contract with Foster, plaintiff built a pile bridge and a small piece of road adjoining, but beyond, defendant's line. It also appears, and the referee found, that plaintiff, while constructing said bridge and piece of road, supposed it to be a part of defendant's line, and did the work in good faith. Defendant furnished a large part of the materials for the bridge, and made payments thereon, and had the benefit of the bridge and road. Defendant so furnished materials and made payments on the bridge to the amount of $1,857.49. The referee made no allowance to plaintiff for work on said bridge over said payments. Practically, he determined that plaintiff built the bridge, and defendant paid for it. Whether the contract with Foster to build the bridge and the small piece of road at the end of and beyond defendant's line was or was not beyond defendant's power, having been executed by plaintiff in good faith, and the bridge and piece of road having gone into defendant's possession, the plea of *ultra vires* cannot be sustained. "A corporation cannot avail itself of the defense of *ultra vires* where the contract has been, in good faith, fully performed by the other party, and the corporation has had the benefit of the performance of the contract." *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 70; *Bissell* v. *Railroad Cos.*, 22 N. Y. 259; *Woodruff* v. *Railroad Co.*, 93 N. Y. 618; *Raft Co.* v. *Roach*, 97 N. Y. 381. Were it otherwise, however, if plaintiff could not enforce the contract as to the bridge because beyond the power of defendant to make it, yet defendant, having paid $1,857.49 on the illegal contract, could not recover said sum of the plaintiff. See *Knowlton* v. *Spring Co.*, 57 N. Y. 531, 532; *Nellis* v. *Clark*, 4 Hill, 424. "No case can be found where, when money has been actually paid by one of the parties to the other upon an illegal contract, each being *particeps criminis*, an action has been maintained to recover it back again." Hence if it were the fact that, for want of power to make the contract on the part of defendant, plaintiff could not recover a part of the sum allowed by the referee, it would only be the amount allowed for the small part of defendant's road between the bridge and defendant's line,—two or three hundred dollars. For the reasons above stated, however, I think plaintiff was entitled to recover the value of his work upon the bridge, and also upon this small piece of road.

. 3. The claim of defendant that plaintiff cannot recover in the action because he abandoned the work, and failed to fully perform the contract, is not sustained by the evidence. There was evidence given in the case which justified the finding of the referee that the plaintiff ceased work at the suggestion of defendant's president and manager that there was no money to go on with, and that, as soon as defendant collected the money for that purpose, plaintiff would be informed; that plaintiff was always ready and willing to continue the work, but never received any such notice. Also, the evidence is clear that defendant could not meet the payments as provided in the contract, and failed to pay plaintiff according to its terms, and for that reason plaintiff could properly refuse to continue the work. *Strack* v. *Hurd*, (Sup.) 16 N. Y. Supp. 566.

It is insisted by defendant that the referee erred in not allowing defendant four items of credit, amounting to $1,079.97, which it claimed were established by the evidence on the trial. I will not undertake to discuss the testimony given in regard to those items, but I have read and considered it all carefully. There was conflicting evidence given in the case as to the said items, and I think the findings of the able and experienced referee on the questions of fact submitted to him should not be disturbed. The same may be said as to the item for work on the "abandoned line," and the item for plaintiff's services.

It is suggested that the referee erred in overruling the objections to the introduction of the memorandum made by Shanly. Shanly testified that, as the work progressed, he measured it from time to time, and when finished made a memorandum of the whole work done. He did not remember, independently of the memorandum, that it was correct. I think, under well-settled rules, the memorandum was properly received in evidence. *Wilson* v. *Railroad Co.*, 114 N. Y. 498, 21 N. E. Rep. 1015.

Paper A was also competent evidence. It was properly received, as tending to show that defendant, through Shanly, its employe, took charge and control of the pile bridge in question, and finished the same. The defense of *ultra vires* asserted by defendant upon the trial, and the claim of the lack of authority of Foster to make the contract with plaintiff, rendered this evidence proper.

The evidence of plaintiff of his conversation with Foster about when the work began, and about the bridge, etc., was also properly received by the referee. Although there was a written contract between the parties, the writing only contained part of the contract, and hence the conversation between the plaintiff and Foster was competent.

I also think that the referee did not err in overruling the objections to that part of plaintiff's evidence detailing what occurred at a meeting when work was commenced on the road by plaintiff. At that meeting a large number of defendant's directors were present. The question was raised on the trial as to Foster's authority to contract with plaintiff. Foster, in the presence of defendant's directors, pointed out the plaintiff as the contractor who was to do the work of the road. The work was commenced at this time in the presence of Foster and defendant's directors, and of plaintiff. The evidence tended to show the knowledge and assent of defendant's officers to the contract made by Foster with plaintiff.

There are various other exceptions made by defendant to rulings of the referee on the trial, and to his findings, which I do not deem it necessary to discuss here. I have examined them all with care, and am unable to find any exception which, in my judgment, requires discussion, or which should lead to a reversal of the judgment. The questions involved in the case are mostly those of fact. I think the findings of the learned referee should stand, and that the judgment should be affirmed, with costs. All concur.