(3 Misc. Rep. 545.)

SMITH et al. v. CORN et al.

(Common Pleas of New York City and County, General Term.   May 8, 1893.)

BUILDING CONTRACT—BREACH OF.

    A contract provided that plaintiffs should erect a building for defendants before a certain date, for a specified price, to be paid in four installments, each payment to be made when certain work had been performed, and that, if plaintiffs failed at any time to furnish sufficient material or workmen, defendants, after three days' notice, might proceed with the work, and deduct the expense from the contract price. *Held*, that the fact that plaintiffs were dilatory in the work from the beginning did not entitle defendants to refuse to pay the second installment when the same was fully earned, and afterwards terminate the contract as for a breach thereof by plaintiff, where defendants had acquiesced in such delay up to the time such installment became due.

Appeal from judgment on report of referee.

Action by Katherine N. Smith and Gridley B. Coburn, copartners under the firm name of K. N. Smith & Co., against Samuel Corn and Henry Corn, for breach of a building contract. Defendants had judgment on the report of a referee, and plaintiffs appeal on exceptions. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Earley & Prendergast, for appellants.

Norwood & Coggeshall, (Carlisle Norwood, of counsel,) for respondents.

DALY, C. J. The plaintiffs originally sued for the second installment of $8,500, alleged to have become due on November 6, 1891, under a contract with defendants to furnish the mason, carpenter, and iron work in the erection of the six-story warehouse at No. 12 Waverly Place, in the city of New York. By their supplemental complaint (allowed by stipulation) plaintiffs claim $21,700, the value of the work and materials furnished to the said building, and also damages, upon the ground that they were prevented by defendants, on December 16, 1892, from completing their contract. The action was referred, and, after the plaintiffs' evidence was in, the

complaint was dismissed, on the ground that the plaintiffs, by their own delay in completing the work, had committed a breach of the contract which justified the defendants in terminating it. Findings of fact were made, with conclusions of law, and judgment thereon entered for defendants. Plaintiffs appeal from the judgment upon exceptions only to the conclusions of law, (none of the evidence in the case being printed,) claiming that upon the findings of fact the judgment should have been in their favor.

The principal question is as to the effect of the refusal of the defendants to pay the second installment provided by the contract. The architect refused the certificate for such payment, and the referee finds his refusal reasonable and justifiable, and that there was no breach of the agreement by defendants. The plaintiffs contend that those conclusions are not supported by the facts as found, and that, on the contrary, the defendants' failure to pay the second installment constituted a breach of the contract, which disabled them from subsequently terminating the agreement for any neglect of the plaintiffs to prosecute the work. The contract was made on February 23, 1891. By its terms defendants were to give plaintiffs possession of the premises on May 1, 1891, and plaintiffs were to erect the mason, carpenter, and iron work required for the new building on or before November 15, 1891, for $32,700, payable in four installments: (1) When all walls and piers were up to the fourth tier of beams, and the front up to the first-story ceiling, $8,500; (2) when all walls and piers were up to the top story, roof planked and tinned, and the iron front up to second story, $8,500; (3) when stairs were up, and elevator inclosed, skylights closed, building plastered second coat, $8,700; (4) last payment when the mason work, carpenter and iron work, shall be completed, $7,000. The contract provided that, in case of the neglect at any time of the contractor to supply a sufficiency of materials or workmen, the owner, after three days' notice in writing, might provide materials and workmen to finish the work, the expense to be deducted from the contract price. No date was fixed for the completion of the work required for each particular installment. The first installment was paid September 25th, the work for it having been done a week before. The work for the second installment was completed November 6th, but the payment was not made, nor certificate given, as required by the contract, and the question is whether the facts as found support the referee's conclusion of law that there was no breach of the contract by the defendants, and that the refusal of the architect to give plaintiffs a certificate for such payment was justified. There are express findings of fact and of law that the work required for the second installment was performed, and there is no finding which excuses nonpayment of the installment except (1) that the plaintiffs had from the inception of the contract been very dilatory in the work, and (2) that they acquiesced in delay of the payment and in the imposition of conditions for its payment, which conditions they failed to perform. The delays of the plaintiffs up to November 6th, the time when the second installment was earned, afforded no ground to defendants for refusal to pay it. De-

fendants had suffered the plaintiffs to go on and complete the work which entitled them to the payment, and it then became due and payable, subject only to deductions for losses sustained by delay. Under the contract the defendants might have given notice to plaintiffs, and proceeded to complete the work themselves, but they did not avail themselves of this privilege, but treated the contract as still in force, and suffered the plaintiffs to go on, and their claim is limited to damages for not performing the work for such installment within a reasonable time. Sinclair v. Tallmadge, 35 Barb. 602--606. There is no finding that any loss had been sustained up to that time, and the whole installment was presumably due and payable. The plaintiffs did acquiesce in a delay of payment from November 6th to November 11th, upon the promise of the architect to give the certificate on that date if plaintiffs would continue the work, with a full force of mechanics and due energy, to his approval. The referee finds that this condition was not performed; but, as defendants had no right to impose conditions for the payment of moneys already due, they were not relieved thereby from their default. On the 11th—the day when the installment was promised—it was not paid. The architect again promised a certificate on the 14th, but on that date, instead of issuing it, the defendants served notice terminating the contract. Various attempts were made by defendants to get possession of the building, which were resisted by the plaintiffs, who continued to go on with the work until December 16th, on which date it is admitted that the defendants gained temporary possession, and hindered the performance of the contract. Resort meanwhile was had by defendants to the equitable powers of the court through a suit in the supreme court, and finally, on January 21, 1892, plaintiffs were ordered to deliver possession of the premises to defendants upon the latter stipulating to allow the supplemental complaint setting up the cause of action upon which plaintiffs now sue, and upon depositing a sum of money to abide the event of this action.

By the refusal on the part of the defendants to pay the second installment due under the contract on November 6th, they were themselves in default. Notwithstanding the delays of the plaintiffs in performing the work up to that time, they had been suffered to go on and complete it, the defendants forbearing to terminate the contract, treating it as still in force, and permitting the plaintiffs to proceed thereunder. ·Under those circumstances, they became liable to pay what had been earned under it, and their failure to do so constituted a breach of the contract. Sinclair v. Tallmadge, above. They were not at liberty to refuse payment in anticipation of the failure of plaintiffs to complete their whole contract by a date in the future or within a reasonable time. A future breach was not to be presumed. Briggs v. Ottmann, (Com. Pl. N. Y.) 3 N. Y. Supp. 49. The plaintiffs were not bound to go on and continue with the contract after failure of the defendants to make the stipulated payment. Thomas v. Stewart, 132 N. Y. 582, 30 N. E. Rep. 577; Strack v. Hurd, (Sup.) 16 N. Y. Supp. 566. The contractor might refuse to proceed further with the work if the installment were not paid.

Moore v. Taylor, 42 Hun, 45. Failure to make the payment under the contract was a breach. Flaherty v. Miner, 123 N. Y. 389, 25 N. E. Rep. 418. That the plaintiffs did not prosecute the work with vigor or diligence after the default in payment did not relieve the defendants from the consequences of their previous default. As they could not compel the plaintiffs to continue work under the contract after such default, they could not complain that the plaintiffs continued it in a negligent or inefficient manner. They could claim no forfeiture, nor put the contractors in the wrong for neglect, because they were themselves in the wrong for refusal to pay the installment due. Graf v. Cunningham, 109 N. Y. 369, 16 N. E. Rep. 551. Not having performed the contract on their part, they were not in a position to terminate it. Wright v. Reusens, 133 N. Y. 298, 31 N. E. Rep. 215. The defendants' attitude in the case is that of contending that they might suffer the contract to subsist, and the plaintiffs to go on and earn the installment under it, but withhold payment thereof, and subsequently, while plaintiffs were proceeding under the contract, terminate it for delays which had thereafter occurred. There is no warrant for this position. The only way in which the defendants could enforce the contract against the plaintiffs, and put them in default for not proceeding, was to pay the installment due, and allow a reasonable time thereafter for the performance of the work. This they did not do; on the contrary, while withholding payment, they assumed the right to terminate the contract, and took possession of the work. This was wrongful, and the consequence ensues that plaintiffs, being prevented from performing fully, were entitled to the value of the work already done up to the time when they were excluded from the premises. All concur.