permitted to come over the trench before 5 o'clock, and while the plaintiff was at work therein.

It is contended on the part of the Jonson Company that the plaintiff had warning that the car was coming, but, instead of keeping still, he put his hand on the rail, and thus caused the injury. The evidence is entirely insufficient to show that the plaintiff received any such warning as would have enabled him, intermediate the giving of the alleged notice and the time at which the car reached the trench, to come out of that trench, reference being had to the peculiar manner in which a person was obliged to enter and come out of the excavation; and it certainly cannot be said that, upon the testimony as it stands, the plaintiff is responsible for his own injury by putting up his hands, which act was done instinctively, in consequence of the vibration of the cable near his head,—it not being shown that he had any reason whatever to think that the car, having then stopped, would proceed in its transit before he could relax his grasp and change his position.

We think, therefore, the nonsuit as to the Jonson Company was erroneous. The judgment must be affirmed, with costs, as to the Third Avenue Railroad Company, and as to the Jonson Company reversed, with costs to the appellant to abide the event. All concur.

---

NEW YORK & N. J. GLOBE GASLIGHT CO., Limited, v. METROPOLITAN INV. CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

CORPORATIONS—UNAUTHORIZED CONTRACTS—RATIFICATION.

Assent to a proposed contract of a corporation, given by the directors before its execution, is a ratification of the contract within a provision of the charter that unsealed contracts shall not be binding on the corporation unless ratified by the directors.

Appeal from special term, Suffolk county.

Action by the New York & New Jersey Globe Gaslight Company, Limited, against the Metropolitan Investment Company of New York, impleaded with others, to foreclose a mechanic's lien. There was a judgment for $464.76 in favor of plaintiff, and defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Paul E. De Fere, for appellant.
Ernest E. Baldwin, for respondent.

PER CURIAM. This action was brought to foreclose a mechanic's lien. The alleged lien was not established, but the plaintiff obtained a money judgment representing the purchase price of a gas machine and other mechanical appliances put up on the appellant's premises at Edgewood, Long Island, and the value of certain labor performed in connection therewith. The appellant denied that the purchase was made with its authority. The proposi-

tion to furnish the gas machine was contained in a letter sent by the plaintiff to Mr. Howard P. Wheeler, who was addressed therein as the president of the Metropolitan Investment Company. Three days later, a written order for the machine was sent to the New York & New Jersey Globe Gaslight Company, signed by Mr. Wheeler with his own name, and that of Mr. J. M. Applebaum, the secretary of the investment company. The corporate name of the appellant is not mentioned in this paper, and the establishment at Edgewood is spoken of as "my factory." Nevertheless, the proof suffices to show quite clearly that Mr. Wheeler was authorized to buy, and did buy, in behalf of his corporation. There were only three directors, Mr. Applebaum, a Mr. Lindgren, and himself. They discussed the subject of a gas plant for the factory at one of the meetings of the board, and left the matter in the hands of Mr. Wheeler, who went on, and made the purchase. The testimony in regard to this meeting justifies the inference that Messrs. Wheeler and Applebaum, constituting a majority of the board, then and there agreed as to the propriety of buying the gas machine, and that Mr. Lindgren, the third member, acquiesced in their determination. But the appellant's certificate of incorporation provides "that no debts shall be contracted, or liability incurred, or contract made or entered into by or on behalf of this corporation, involving a sum or a liability for a sum of $100 or over, unless the same be by a writing under the corporate seal of this corporation; and all contracts or agreements in violation hereof shall not be binding on the corporation unless duly ratified by its board of directors"; and it is urged that this limitation was sanctioned by the business corporations law (chapter 691, Laws 1892), and that it made the contract for the purchase of the gas machine ultra vires, inasmuch as it was not under seal. Assuming the validity of the limitation, we think that the making of the agreement with the knowledge and assent of all the directors manifested at a meeting in advance of the transaction must be deemed equivalent in law to a ratification thereof by the board, within the above terms of the certificate of incorporation.

The judgment is affirmed, with costs.