(61 Misc. Rep. 66.)

### FISCHER v. MOTOR BOAT CLUB OF AMERICA.

(Supreme Court, Appellate Term. November 24, 1908.)

1. CORPORATIONS (§ 429\*)—ACTS OF AGENTS—LIABILITY.

    Corporations are bound only by authorized acts and contracts of their agents, and one dealing with the agents are bound to know their powers, express and implied.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1720; Dec. Dig. § 429.\*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 409*)—SECRETARY—AUTHORITY—LEASES.
   The secretary of a corporation has no implied authority to execute and deliver a lease.
   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 409.*]

3. CLUBS (§ 11*)—LEASES—AUTHORITY.
   Under Membership Corporation Law (Laws 1895, p. 336, c. 559, as amended by Laws 1900, p. 438, c. 208), § 13, prohibiting the making of leases by a membership corporation unless authorized by two-thirds of the directors, where there are nine members of a board of governors six must concur in authorizing the signing of a lease.
   [Ed. Note.—For other cases, see Clubs, Dec. Dig. § 11.*]

4. CLUBS (§ 11*)—RIGHTS OF THIRD PERSONS.
   One dealing with a membership corporation is bound to know of its strictly limited powers and sharply defined methods of procedure.
   [Ed. Note.—For other cases, see Clubs, Dec. Dig. § 11.*]

5. CLUBS (§ 8*)—BOARD OF GOVERNORS—POWERS—CONSTRUCTION
   The restrictions on the powers of the governors of a membership corporation must be strictly construed, since the statute imposes upon each director a liability for the debts of a corporation.
   [Ed. Note.—For other cases, see Clubs, Dec. Dig. § 8.*]

6. CORPORATIONS (§ 426*)—CONTRACTS—RATIFICATION.
   Where one does work or furnishes material to a corporation to the knowledge of its officers, the corporation, unless it promptly dissents, will be held to have ratified the contract and be liable thereunder.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1703, 1713, 1716; Dec. Dig. § 426.*]

7. CLUBS (§ 11*)—UNAUTHORIZED LEASE—RATIFICATION—EVIDENCE.
   That a club held at least one meeting on premises tended to show a ratification of the secretary's unauthorized act in taking a lease.
   [Ed. Note.—For other cases, see Clubs, Dec. Dig. § 11.*]

8. CLUBS (§ 11*)—UNAUTHORIZED LEASE—RATIFICATION—PRESUMPTION.
   A club secretary's unauthorized taking of a lease is presumptively ratified, unless the club dissented within a reasonable time.
   [Ed. Note.—For other cases, see Clubs, Dec. Dig. § 11.*]

9. CLUBS (§ 12*)—UNAUTHORIZED LEASE—RATIFICATION—JURY QUESTION.
   Whether a club ratified the secretary's unauthorized taking of a lease held, under the evidence, a jury question.
   [Ed. Note.—For other cases, see Clubs, Dec. Dig. § 12.*]

10. APPEAL AND ERROR (§ 999*)—REVIEW—FINDINGS—CONCLUSIVENESS.
    A finding of the jury on a properly submitted issue is conclusive on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3924; Dec. Dig. § 999.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Louis Fischer against the Motor Boat Club of America. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Henry W. King, for appellant.
Harris & Fischer, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM.   This is an appeal from a judgment, rendered on
the verdict of a jury, in plaintiff's favor, and from an order denying
a motion for a new trial.   The action was for rent on a written lease,
signed by the secretary of defendant in the corporation name, sealed
with the corporation seal, and delivered by the secretary to the plain- ·
tiff.   The defense of the defendant is that the alleged lease was not
the act of the defendant, that it had never been authorized by the
proper authorities of the defendant, and that the latter had never rati-
fied it, so as to make it binding upon it.   The constitution and by-laws
of defendant gave the secretary no power to make a contract or lease,
the said secretary was not the custodian of the corporate. seal, and the
power to sign all contracts belonged to the board of governors, or to
their delegated authority.   The minutes of the meetings were intro-
duced by the defendant to show what was done by the board of gov-
ernors in respect to this lease, and to show that no authority was
ever granted by the board of governors to the secretary, or to any
person, to execute this lease.   The portion read in evidence was as
follows:

"Minutes of the Board of Governors.   Meeting held July 9, 1907.   A meet-
ing of the board of governors was held at the office of the secretary on the
above date.   Members of the board present were Dr. Louis Newman, E. A.
Stevens, Jr., Frank D. Gheen, and H. S. Gambel.

"The proposition made by Reisenwebers for the lease of the premises 304
W. 58th street was then read.   In this proposition was included all altera-
tions to suit the accommodation of the club; heat service, linen for sleeping
apartments, wiring of entire building for electricity, help, percentage on the
total amount of receipts per month, for the sum of $3,000, and a three years'
lease.   After some discussion on the matter it was regularly moved, second-
ed and carried that the matter be laid over until the next meeting of the board
in order to give further discussion and time to consider the proposition."

"July 29, 1907.   A special meeting of the board of governors was held at
the office of the secretary on the above date.   The members present being Dr.
Louis Newman, Charles Francis, Hugh S. Gambel and S. D. Gheen.

"The meeting was called for the purpose of discussing further the propo-
sition made by Reisenwebers for a town house and such other business as
might be brought to the attention of the committee.   After some discussion
in the matter it was the sense of the meeting that if upon a written proposi-
tion made by Reisenwebers, embodying all that was desirous in the way of
alterations, help, etc., be satisfactory to the board, that same be accepted, and
that the secretary request that Reisenwebers furnish the board with such
proposition in writing."

"Minutes of the meeting of the Board of Governors held at the office of the
Secretary on August 2d.   Those present were Hugh S. Gambel, Frank D.
Gheen, E. A. Stevens, Jr.

"The secretary read a communication received from Reisenwebers as an
answer to a letter sent at the request of the board at a previous meeting for
full details, etc., in writing as regards to the leasing of the premises 304 West
58th street, New York City, as a town house.   After some discussion and con-
sideration of various matters in connection with the communication, it was
regularly moved, seconded and carried that we accept of the proposition, and
that a committee of three be appointed for the purpose of taking up all mat-
ters pertaining to the necessary alterations and interior finishing of the club
for occupancy.   The chair appointed Messrs. Frank D. Gheen, Charles H.
Leary and Dr. Louis Newman."

These were the minutes of the meetings held prior to the date when
the lease was executed.   No express authority was therefore given

here to the secretary to sign, seal, or deliver the lease. The general rule is that corporations are bound only by the act and contract of their agents, done and made within the scope of their authority, and that one who deals with them is bound to know their powers and the extent of their authority, express or implied (Alexander v. Cauldwell, 83 N. Y. 480; Columbia Bank v. Gospel Tabernacle Church, 127 N. Y. 368, 28 N. E. 29), and the secretary of a corporation has no implied authority to execute and deliver a lease on behalf of his corporation (Karsch v. Pottier & Stymus Mfg., etc., Co., 82 App. Div. 232, 81 N. Y. Supp. 782; Cook on Corporations, 782, 783; Parmelee v. Associated Physicians & Surgeons, 9 Misc. Rep. 458, 30 N. Y. Supp. 250).

The membership corporation law (Laws 1895, p. 336, c. 559, as amended by Laws 1900, p. 438, c. 208), under which defendant was incorporated, provides, in section 13, as follows:

"No purchase, sale, mortgage or lease of real property shall be made by a membership corporation, unless ordered by the concurring vote of at least two-thirds of the whole number of its directors, provided however that when the whole number of directors is not less than twenty-one, the vote of a majority of the whole number shall be sufficient."

There were nine members of the board of governors of the defendant in office during all this time, so that, to delegate to the secretary the ministerial duty of signing a lease, the concurrent vote of six governors was required. There were only five members present at the meeting held August 2, 1907, when the question was considered, and thus from no point of view was proper authority given. As defendant was a membership corporation, with strictly limited powers and sharply defined methods of procedure, any person dealing with it was bound to know of these limitations and methods, and acted at his peril. The restrictions on the powers of the board of governors of a membership corporation must be strictly construed, for the statute imposes upon each director a liability for the debts of a corporation, and before that liability can be fixed the directors are entitled to the protection afforded them by the statute. The plaintiff, however, claims that, in any view, the defendant is bound by the lease for the reason that it ratified and affirmed the act of its secretary in making the same. The rule is laid down by the Court of Appeals as follows:

"Where third parties have dealt with the company relying in good faith upon the existence of corporate authority to do an act, there it is not needed that there be an express assent thereof on the part of the stockholders to work an equitable estoppel upon them. Their conduct may have been such, though negative in character, as to be taken for an acquiescence in the act; and when harm would come to such third parties, if the acts were held invalid, the stockholders are estopped from questioning it. We suppose acquiescence or tacit assent to mean the neglect to promptly and actively condemn the unauthorized act and to seek judicial redress after the knowledge of the committal of it, whereby innocent third parties have been lead to put themselves in a position from which they cannot be taken without loss." Kent v. Quicksilver Min. Co., 78 N. Y. 159.

In the case at bar we have the evidence of the three meetings of the defendant and the resolution of the board of governors to accept plaintiff's terms, and that alterations and improvements were to be made. There are two letters of one of the committee delegated to attend to

the alterations, one letter to the architect, and one to Mr. Gambel, showing that the alterations were going on. There is the letter sent by the plaintiff to defendant that plaintiff had complied with all the requirements of the lease, and had demanded the rent. There is the evidence of the plaintiff that he received a message to get the furniture, and that the plaintiff sent his wagon for the furniture, that the furniture was taken from the defendant's club house, and taken to the leased premises, and that one or two meetings were held at said premises. There is the evidence of the vice commodore, Dr. Seynour Oppenheimer, "that a meeting of the club was held," that notices were sent out for this meeting, and there is testimony that business of the defendant was transacted at the meeting. The evidence is as follows:

"Q. Was there any business transacted there at all? A. At the meeting? Q. Yes. A. Yes, sir. Q. Of the Motor Club? A. Yes, sir."

Where a party does work or furnishes material to a corporation, to the knowledge of its officers, without prompt dissent on the part of the corporation, it will be held to have ratified the contract and be liable thereunder. Cunningham v. Massena Springs, etc., 63 Hun, 439, 18 N. Y. Supp. 600; Lee v. Pittsburgh Coal & Mining Co., 56 How. Prac. 373. The fact that defendant held at least one meeting at the leased premises, and transacted business of the defendant at their meeting, was evidence tending to show that they took possession, and that there was a ratification (White v. Sheppard, 41 App. Div. 113, 58 N. Y. Supp. 563; Kent v. Mining Co., 78 N. Y. 159), making the act of the secretary equivalent to an original authority on the part of such secretary. The testimony tends to show that the acts of the secretary were with the knowledge and assent of the board of governors and tends to establish a ratification. Globe Gaslight Co. v. Met. Ins. Co., 10 App. Div. 342, 41 N. Y. Supp. 797. Although the secretary had no authority, his act will be presumed to have been ratified, unless the corporation dissented within a reasonable time. Indianapolis R. M. Co. v. St. Louis, etc., 120 U. S. 256, 7 Sup. Ct. 542, 30 L. Ed. 639; Pittsburgh R. R. Co. v. Keokuk Bridge Co., 131 U. S. 371, 9 Sup. Ct. 770, 33 L. Ed. 157. There was sufficient evidence of ratification and change of position to warrant the trial judge in sending the case to the jury, and their finding on the subject is conclusive.

There are no errors of such weight as to call for a reversal, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs.