Howell *v.* Gould.

Judgment reversed, and judgment given for defendants, with costs.*

## HOWELL *v.* GOULD.

### June, 1867.

If the employer in a building contract refuses to perform on his part, and actually prevents performance by the contractor, it is unnecessary to

---

prove readiness and ability on the part of the latter to perform in order to recover against the former.*

Evidence of the insolvency of the contractor is immaterial.

Nelson Howell sued David H. Gould, in the New York common pleas (whence the action was transferred to the supreme court), for damages for the breach of a building contract. The contract was made by Gould with one Treadwell, and the cause of action was assigned by him to plaintiff.

The plaintiff, in his complaint, alleged that his assignor entered into a contract with the defendant for the purchase of six lots in the city of Brooklyn, and for the erection of buildings thereon, the defendant agreeing to make advances therefor, and to take a mortgage in payment; that, pursuant to such agreement, he entered upon the lots, commenced the erection of the buildings, furnished materials for the same, and partly completed them, when the defendant refused to make advances or to carry out the contract, as he had agreed; refused to per-

ment. The complaint was substantially in the same form as in the case of Howell, above, except that the assessment was for grading, &c., Main-street, the assessors' certificate being as follows:

### "PROPOSED IMPROVEMENT.

" For grading, curbing and paving Main-street, from the north line of North-street, to a point 165 feet north from the north line of Ferry-street.

" To the common council of the city of Buffalo.

" We, the undersigned, city assessors of the city of Buffalo, do hereby certify that the application for the above improvement is made by a majority of the property holders residents of the said city, and directly interested therein, and liable to be taxed or assessed to pay for the same."

Defendants demurred in the same form as in Howell's case. The superior court of Buffalo held that *in this* case the certificate of the assessors was in compliance with the law; that the curbing was part of the paving; and that the certificate sufficiently showed that the application was made by a majority of those liable to be assessed for the grading and paving. The court accordingly gave judgment for defendants, and plaintiff appealed.

The cause was submitted in this court by the same counsel.

This court affirmed the judgment, with costs.

---

* It is otherwise of contracts of employment relating to personal services. Moody *v.* Leverich, 14 *Abb. Pr. N. S.*

mit further performance, and dispossessed the contractor of the premises and property. The plaintiff averred as the damages, the loss in the value of the lots over the agreed price, in the value of the buildings over their cost, and in the cost of labor and materials expended on them.

The defendant admitted the contract, averring that it was in writing, and alleged breaches on the part of the contractor, and forfeiture by reason of non-performance, and also averred payment to the extent of all claims thereunder; and asked, as affirmative relief, that the agreement be annulled and adjudged cancelled.

The contract contained a clause of forfeiture of all rights under it, either for a conveyance or for the value of work and materials, in various contingencies, among which were the builder's failure to perform any provision of the contract, in substance or in point of time. It also required an architect's certificate, as a condition precedent to payment.

The main question in the case was, whether, under the contract and the other evidence, the plaintiff could recover in the absence of complete performance, or proof of readiness and ability to perform.

On the trial, the parties gave evidence in support of their claims respectively, as set forth in the pleadings. The jury found in favor of the plaintiff, and assessed his damages at four thousand two hundred and seventy-seven dollars and thirty-six cents.

*The supreme court*, on appeal, affirmed the judgment, upon the same grounds as those assigned by this court. The portions of the opinion (delivered by LOTT, J.) which relate to the question of evidence, were as follows:

The plaintiff was asked whether he was solvent August 1, 1860, and solvent on September 1, and October 1, 1860. This question was overruled, and, as we think, properly. An answer by him in the negative would not have been sufficient to show his inability to perform the contract; but if it was pertinent to that end, the act of the defendant in stopping the plaintiff from going on with the work, made, as before stated, the question of such inability immaterial.

. Witnesses were also permitted to answer, under exceptions by the defendant, what effect his delay in making payments had on the progress of the work towards completion.

Assuming that the question was improper, it is no ground for a new trial. Such delay on the part of the°defendant, being established, tended to excuse that of the plaintiff in the performance of his work, irrespective of its actual effect on the progress of it. '

The consequence of such delay was, therefore, immaterial, and produced no injury to the defendant. It is suggested by the counsel of the defendant, that the defendant's delay is unavailing to the plaintiff, because no proof was given that it occurred after a proper certificate had been obtained from Martense, the architect. That ground was not taken when the objection was made, and cannot be urged now.

. These views lead us to the conclusion that none of the exceptions were well taken, and that the motion for a new trial was properly denied. The order denying that motion, and the judgment, must, therefore, be affirmed, with costs.

The defendant appealed to this court.

*J. L. Jernegan,* for defendant, appellant;—Cited, Butler *v.* Tucker, 24 *Wend.* 447; Martin *v.* Leggett, 4 *E. D. Smith,* 255; Smith *v.* Brady, 17 *N. Y.* 173; Hasbrouck *v.* Tappen, 15 *Johns.* 200, 204; Delacroix *v.* Bulkley, 13 *Wend.* 71; Eddy *v.* Graves, 23 *Id.* 82; Boscawin *v.* Bliss, 4 *Taunt.* 735; Palmer *v.* Lorillard, 16 *Johns.* 348; reversing 15 *Id.* 14; Beekman *v.* Frost, 18 *Id.* 544, 558; reversing 1 *Johns. Ch.* 288; Newcomb *v.* Clark, 1 *Den.* 226; Sanford *v.* Granger, 12 *Barb.* 392, 403; *Code,* § 264; Rich *v.* Penfield, 1 *Wend.* 380; Lawrence *v.* Barker, 5 *Id.* 301; Pratt *v.* Hull, 13 *Johns.* 334; Stuart *v.* Simpson, 1 *Wend.* 376.

*L. A. Fuller,* for plaintiff, respondent;—Cited, Moses *v.* Bierling, 31 *N. Y.* 464; Gould *v.* Gager, 18 *Abb. Pr.* 32; 7 *Cow.* 50; 3 *Johns.* 528; 12 *Barb.* 366; 20 *Id.* 64, 509; 515; 6 *Duer* 203; 1 *Barb.* 338; 6 *N. Y.* (2 *Seld.*) 204, 207; *Civil Code,* 1865, *by Field, Noyes & B.* §§ 843, 1592; 7 *Bing.* 266; 4 *N. Y.* (4 *Const.*) 338; 7 *Hill,* 61; 26 *N. Y.* 279; 28 *Id.* 156; 31 *Id.* 403; American Notes to Seton *v.* Slade, 3 *White & T. Lead.*

*Cas. in Eq.* 74, 84; Howard *v.* Harris, in *Same,* 601, marg. 869.

BOCKES, J. [After stating the facts above.]—The evidence was conflicting. According to the testimony of the plaintiff's witnesses, the contractor performed his agreement so far as he was permitted by the defendant, except, perhaps, in some unimportant particlars, as to which there was evidence of waiver by the latter. According to the proof adduced by the defendant, the contractor was in fault from the first, having omitted performance in almost every particular required of him by the terms of the agreement. Under this conflict of evidence, the case was a proper one for the determination of the jury; and with their verdict the parties must be content, in the absence of any erroneous instruction or ruling by the court bearing on the question of fact which it was their duty to decide.

The case fails to disclose any error in the charge of the judge to the jury. No exception was taken to the charge, nor was any instruction asked for which was not given.

At the commencement of the trial the defendant moved the court for a dismissal of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The motion was properly denied. The complaint set forth a valid agreement, and both non-performance and refusal to perform, by the defendant, was averred, with consequent damages. If not sufficiently specific in any particular, the remedy of the defendant was by special motion, before answer, under section 160 of the Code of Procedure.

When the plaintiff rested, the defendant, by his counsel, again moved for a dismissal of the complaint, on the ground that the plaintiff had not alleged or shown ability to perform the contract on the part of the contractor. This motion was also properly denied. As the case then stood on the evidence, the jury would have been authorized to find that the contractor had performed, on his part, except in so far as he was excused or was prevented from performing by the defendant.

Again: at the close of the case the defendant moved to dismiss the complaint, because it did not appear that the plaintiff (the contractor) was able, ready and willing to perform the

contract on his part, and that it did not appear from the evidence that he wholly neglected or refused, and was unable so to do, prior to the said alleged breach by the defendant.

To have granted this motion would have been manifest error. As the case then stood on the evidence, the grounds of dismissal involved questions of fact, not in the province of the court to determine. If, as the evidence on the part of the plaintiff tended to prove, the defendant refused to perform on his part, and actually prevented performance by the contractor, it was unnecessary for the latter to show readiness and willingness to perform on his part. It was enough that the defendant himself prevented further performance; and, as regards the latter ground stated, it was certainly a question for the jury, on the whole evidence, whether the contractor had neglected or refused performance on his part.

There was no error in the refusal by the court to dismiss the complaint.

Exceptions were taken to the rulings of the learned judge, as to the admissibility of evidence. But, the consideration of those questions, and the conclusion arrived at in the supreme court, as given in the opinion of Judge LOTT, are quite satisfactory.

The judgment should be affirmed, with costs.

All the judges concurred.

Judgment affirmed, with costs.