Powers agt. Hogan.

---

## N. Y. COMMON PLEAS.

### WALTER POWERS agt. ISABELLA V. HOGAN.

*Mechanic's lien — When recovery can be had upon a quantum meruit — When notice and demand necessary.*

In an action to foreclose a mechanic's lien, where there has been an abandonment of the contract by defendant, it is not necessary for plaintiff in order to recover upon a *quantum meruit* to show legal excuse for not fully performing the contract, nor, where the time fixed by the contract for its performance has been waived, to notify the defendant of his intention and demand performance upon his part within a reasonable time.

*General Term, June,* 1884.

*Before* LARREMORE, VAN HOESEN *and* BEACH, *JJ.*

LARREMORE, *J.*— This action was brought to foreclose a mechanic's lien, filed October 13, 1880, in favor of the plaintiff for $12,810, upon certain premises in the city of New York owned by the defendant. All the issues were heard and decided by a referee appointed for that purpose, from whose rulings and decision this appeal is taken. The referee found for the plaintiff upon the facts alleged in the complaint, but decided that as it appeared that the contract in suit had not been fully performed by the plaintiff, and he had not shown a sufficient legal excuse for abandoning it, no recovery could be had upon a *quantum meruit*. That as the time fixed by the contract for its performance had been waived, the plaintiff was bound to notify the defendant of his intention,

and demand performance upon his part within reasonable time. This precise point was decided in *Lawson* agt. *Hogan* (93 *N. Y.*, 39) where a contract similar in character in relation to the same premises was in dispute.

But this case presents another feature both distinctive and conclusive. The referee has found, among other reasons, that the plaintiff failed to perform on account of the refusal of the defendant to allow him to continue his work; that he continued in its performance according to directions until September 8, 1880, when he was stopped and forbidden to further complete the same by Hogan, who acted therein by the authority of the defendant.

If these facts be true, and there is evidence to support them, there was an abandonment of the contract by the defendant, and the rule in *Lawson* agt. *Hogan* is not applicable. Neither notice nor demand was necessary upon such a refusal of performance.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide event.

VAN HOESEN and BEACH, JJ., concurred.