Larremore, C. J.
It appears by the evidence in the case that the defendant was the owner of certain real estate, situated at One hundred and nineteenth street and Fifth avenue, in the city of New York, and on or about December 9, 1878, made a contract ■ with the ■ plaintiff whereby he agreed to do the mason work and furnish the materials to erect twenty buildings on the said lands, to the height of either two stories and basement, or three stories and basement, as should be required by defendant, and also to furnish and set- coping on all the walls over the roof, and to plaster the top stories, for which the defendant agreed to pay the sum of $8,500, if the houses should - he built two stories and basement, and in case said houses should be built three stories and basement, she agreed'to pay the sum of $11,000. ■ ■ ■:
The plaintiff did a large amount of work under the written contract, and also extra work under a subsequent verbal agreement upon the buildings in question. Various delays occurred during the progress of the work, for which the plaintiff was not responsible, and the present cause of action has been decided upon.a rescission of the original con *240 tract, and plaintiff’s right to recover upon a quantum meruit for the work done and materials furnished under the contract.
There seems to be no dispute that the amount and value of the work, and materials found by the referee, is sustained by the evidence.
At the request of the defendant, the referee found that both parties waived performance of the contracts at the time mentioned, and that the plaintiff continued to work thereunder after that time.
The finding that the contract in.question continued until September 8, 1880, is clearly supported by the evidence in the case. The exception as to the admission in evidence in this case of the findings in the Kenny judgment was not a ground of error.
It may be questionable whether the findings objected to were admissible, but the testimony given by Mr. Powers, who was a witness called by Mrs. Hogan, certainly was admissible to prove the facts which were found in her favor, that Powers was still working under his contract at the trial of that action.
As an admission on the part of Mrs. Hogan by one of her own witnesses, the testimony was entirely competent, and the referee had the right to consider it in reaching a conelusion. Mrs. Hogan offered this evidence without explanation, and now objects to it. In Clark v. Dillon (97 N. Y., 370), the defendant was held by an admission made in Ms answer. The court in that case said: “Unexplained, it .must be taken as an admission of the existence of the facts therein asserted.”
In Anderson v. Third Avenue R. R. Co. (9 Daly, 487), tins court held that a fact found against the defendant by a judgment was prima facie evidence against him of the fact so established in an action by another plaintiff.
I reached the conclusion, therefore, that the finding objected to was admissible as a declaration and admission of the defendant as a part of the judgment record in the Kenny Case, to which the plaintiff and defendant were Both parties. The refusal of defendant to permit further performance of the contract on the part of the plaintiff, •operated as a rescission of the contract, whereby he became ¡entitled to recover upon a quantum meruit for what he had lone under it. Powers v. Hogan, 67 How. Pr., 255; Clark v. The Mayor, etc., 4 N. Y., 338; Terwilleger v. Knapp, 2 E. D. Smith, 86; Howell v. Gould, 2 Abb. Ct. App. Dec., 418.
The certificate of John Hogan upon a contract which the defendant had repudiated was not necessary under the ruling in Kingsley v. City of Brooklyn, 78 N. Y., 216.
The referee appears to have tried the case upon correct *241 propositions of law, and I am of opinion that the conclusion should be sustained, and that the judgment appealed from should be affirmed, with costs.
Allen and Bookstaver, JJ., concur.