PATRICK FLAHERTY, Respondent, *v.* HENRY C. MINER et al.,
Appellants.

The parties entered into a contract for the doing of certain work by plain-
tiff for defendants, the contract price ($3,500) to be paid in installments
as the work progressed. The contract contained a provision that
before plaintiff could demand any payment, he should obtain a certifi-
cate of the architect named. In an action brought to recover a balance
alleged to be due upon the contract, the complaint alleged that the pro-
visions therein relating to the certificate, were inserted by mistake, and
asked to have the contract reformed in this respect and to recover the
balance due. Plaintiff noticed the action for trial at Special Term as
an equity action; defendants claiming a jury trial, moved that the case
be stricken from the Special Term calendar, and, upon their stipulation
that it might be tried by jury with the same effect, so far as the reforma-
tion of the contract was concerned, as if tried at an equity term, the
motion was granted, and subsequently the case was moved for trial at
Circuit. Upon the trial defendants' counsel stated that there was no neces-
sity for any reformation of the contract and the trial proceeded on the
merits; plaintiff offered evidence bearing upon the issue as to the
reformation of the contract, but upon the objection of defendants'
counsel, it was excluded. *Held,* that no question as to the architect's
certificate could be raised on appeal; that so much of the contract as
has reference thereto must be deemed to have been stricken therefrom.

The trial court charged that if plaintiff had not substantially performed
he could not recover the balance of the contract price; but if he had,
although a small and unimportant portion of the work remained to be
done, he could recover the balance of the contract price, less the expense
of performing that portion left undone. *Held,* no error.

The jury deducted $600 for the expense of doing work which remained
undone. *Held,* that while, if it had appeared upon the trial without
dispute that such a substantial portion of the work remained undone,
and the objection had properly been taken, plaintiff could not have

recovered upon the theory of substantial performance, in the absence of an exception presenting the point, it could not be raised upon appeal.

Plaintiff testified that when he quitted the work, there was more to be done, but defendants promised to send him word when they wanted it completed, and that no such word was ever sent; also that some time thereafter he sent men and teams to go on with the work, but defendants prohibited it. *Held,* that this authorized a finding of waiver of further performance.

After payment of $900, and after the plaintiff had earned $2,000 more, he asked for a further payment. Defendants promised before plaintiff abandoned the work to pay $1,500 and the balance at a future time; they subsequently refused to pay anything. *Held,* that the breach of contract on the part of defendants justified a refusal on plaintiff's part to proceed further with the work, and authorized a recovery for what had been done.

After payments became due, as prescribed by the contract, plaintiff applied to the architect for a certificate; the architect replied that, on account of the conduct of defendants, he would not give it or have anything more to do with the matter. *Held,* that considering the provision requiring the certificate as still in the contract, there was such an unreasonable refusal thereof as would dispense with its production.

Also *held,* that plaintiff's promise to pay after the work was done, without any requirement as to the production of the certificate, was a waiver of the provision.

(Argued October 15, 1890; decided October 28, 1890.)

Appeal from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made April 1, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover a balance due on a contract for excavating upon certain premises.

The facts, so far as material, are stated in the opinion.

*James M. Smith* for appellants. The plaintiff in his complaint asked for a reformation of the contract. He did not offer any evidence to show that it had been fraudulently procured, or that there had been a mutual mistake of parties; or that there was a mistake on one side and fraud on the other. Some of those reasons for reformation must exist or the contract must stand. (*Hay* v. *S. F. Ins. Co.,* 77 N. Y. 235, 240.) A written contract having been shown, no action upon a

*quantum meruit* could be maintained. (*McKeon* v. *Lane*, 1 Hall, 325; *Life* v. *Becker*, 1 Den. 569; *Byron* v. *Low*, 109 N. Y. 296.) The complaint in this action was, under the ruling of the trial judge, treated as an action upon the written contract. There was no ambiguity in the contract, and it was the province of the court to interpret it. (*Dwight* v. *G. Ins. Co.*, 103 N. Y. 341; *F. N. Bank* v. *Dana*, 79 id. 108; *Brady* v. *Connelly*, 104 id. 156.) By the terms of the contract the obtaining of the architect's certificate was a condition precedent to the payment for the work. (*Smith* v. *Brady*, 17 N. Y. 176; *Byron* v. *Low*, 109 id. 291; *U. S.* v. *Robeson*, 9 Pet. 319, 326; *D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 254; *Butler* v. *Duncan*, 24 Wend. 447; *Smith* v. *Briggs*, 3 Den. 73; *Smith* v. *Brady*, 17 N. Y. 183; *Adams* v. *Mayor, etc.*, 4 Duer, 295; *Caruthers* v. *Chesapeake*, 4 Cranch, 698.) The plaintiff had the affirmative of the issue. If he was entitled under the pleadings to show that the certificate was wrongfully withheld, he should have established that point by a preponderance of proof. (*Newton* v. *Pope*, 1 Cow. 109; *Hartman* v. *Proudfit*, 6 Bosw. 197; *Williams* v. *Hannon*, 3 Keyes, 101; *Sarley* v. *M. R. W. Co.*, 101 N. Y. 662.) It is a well-settled rule of evidence that testimony in the power of a party to produce, if such evidence would establish the fact sought to be proved, is not produced, its non-production is to be taken against the party failing to produce it. This principle should be applied to the failure of the plaintiff to call the architect, who was in court, not only to contradict the defendant's material testimony, but to show that the architect did not refuse the certificate upon the ground stated by the witness Roarty, and to contradict the important statement made by the defendant Miner. (*Gorden* v. *People*, 33 N. Y. 508; *Blucker* v. *Johnston et al.*, 60 id. 309; *Brooks* v. *Steen*, 6 Hun, 517; *People* v. *Tweed*, 5 id. 387; *Manning* v. *Tyler*, 21 N. Y. 572; *People* v. *Dyle*, Id. 578.) At the trial there was no motion made to amend the pleadings. Under the pleadings the plaintiff was not entitled to give evidence that the certificate of the architect was wrongfully withheld. (*Tooker* v.

*Arnoux,* 76 N. Y 397; *Clark* v. *Post,* 113 id. 27; 118 id. 304: *Bogardus* v. *N. Y. L. Ins. Co.,* 101 id. 334; *Southwick* v. *F. N. Bank,* 84 id. 429.)

*Henry Schmitt* for respondent.    Even if the question about the architect's certificate was before the court, we submit that the evidence entitled the plaintiff to a verdict, that the finding of the jury on that point was conclusive, and that there was no error made on this question. (*Smith* v. *Alger,* 102 N. Y. 90; *Thomas* v. *Fleury,* 26 id. 31; *Nolan* v. *Whitney,* 88 id. 648; *B. N. Bank* v. *Mayor, etc.,* 63 id. 339; *Varian* v. *Johnston,* 138 id. 647; *Ludlow* v. *Binsse,* 3 Abb. Ct. App. Dec. 375; *Fallon* v. *Lawler* 102 N. Y. 231; *McKenzie* v. *Decker,* 94 id. 651.)    Assuming that they were entitled to the architect's certificate, the defendants waived it and accepted the work. (*Smith* v. *Alger,* 102 N. Y. 90; *Thomas* v. *Fleury,* 26 id. 32; *B. N. Bank* v. *Mayor, etc.,* 63 id. 339.)    It was not necessary to set up the refusal of the defendant or his agent to give the certificate. (*Smith* v. *Alger,* 102 N. Y. 90; *Brown* v. *Champlin,* 66 id. 218; Code Civ. Pro. §§ 519, 533, 723; *Nolan* v. *Whitney,* 88 N. Y. 648; *St. John* v. *Northrop,* 23 Barb. 25; *Cady* v. *Allen,* 22 id. 388; *Wall* v. *B. W. Works,* 18 N. Y. 119; Bayliss' Tr. Ev. 213; *Balcomb* v. *Woodruff,* 7 Barb. 13; *McCrane* v. *Mayor,* 19 How. Pr. 144; *Hudson* v. *Swan,* 7 Abb. [N. C.] 324; *K. L. Ins. Co.* v. *Nelson,* Id. 170, 181, n.; *Harris* v. *Tunbridge,* 83 N. Y. 92; *Trip* v. *Pulver,* 2 Hun, 511; *Smith* v. *Holland,* 61 Barb. 333; *Foot* v. *Roberts,* 7 Robt. 17; *Bowdoin* v. *Coleman,* 3 Abb. Pr. 431; *Harrower* v. *Heath,* 19 Barb. 331; *Kidd* v. *Allen,* 22 id. 388; *Clark* v. *Dales,* 20 id. 42; *Dauchy* v. *Tyler,* 15 How. Pr. 399.)    The question "how many tickets had you for earth that was removed out of the cellar?" was properly excluded. (*Gumb* v. *T. T. S. R. R. Co.,* 114 N. Y. 414, 415, *Coulson* v. *Whitney,* 12 Daly, 409.) The court charged correctly, leaving it to the jury to say if "Flaherty did substantially all he contracted to do," and if "the parts left undone were comparatively unimportant."

(*Nolan* v. *Whitney*, 88 N. Y. 648, 650; *Woodward* v. *Faller*, 80 id. 312; *Whelan* v. *Clock Co.*, 97 id. 293; *Heckman* v. *Pinkney*, 81 id. 211; *Glacius* v. *Black*, 50 id. 145; *Walsh* v. *McCloskey*, 25 N. Y. S. R. 932.) This is a case in which the court should exercise its discretion and award an additional penalty of ten per cent. (*Warner* v. *Lessler*, 32 N. Y. 296; *Ward* v. *N. Y., S. & W. R. R. Co.*, 114 id. 616.)

EARL, J. In June, 1881, the plaintiff entered into a written contract with the defendants to excavate and remove the earth and boulders from certain lots in the city of New York, upon which they were to erect a building. It was provided in the contract that they should pay him $3,500 for the work, in payments as it progressed. It was also provided that before he could demand any payment he should obtain the certificate of the architect employed by them. He entered upon the execution of the contract, and during the progress of the work, received from them $900. After their refusal to pay him the balance of the contract price he brought this action to recover the same. He alleged in his complaint that all the portions of the contract relating to the certificate of the architect were inserted therein by mistake, and, besides other relief, he prayed that the contract should be reformed by striking therefrom so much as related to the architect's certificate. The answer put in issue all the material allegations of the complaint, and the plaintiff noticed the action for trial at a Special Term as an equity action. At that term the defendants appeared, and, claiming a jury trial, moved that the case be stricken from the Special Term calendar; and upon their stipulation that it might be tried at a Circuit before a jury with the same effect as if tried at an equity term of the court as to the reformation of the contract, the court ordered the case to be stricken from the calendar; and it was thereafter moved for trial at a Circuit Court, and at the commencement of the trial plaintiff's counsel handed to the court the stipulation just referred to. Thereupon the defendants' counsel stated as follows: "That he claimed in this action that the issues in the case were triable

by jury, and he claimed such trial; that there was no necessity for any reformation of the contract, and no claim was made by the defendants that the plaintiff was to erect a building which cost between $50,000 and $60,000, while this contract was for but $3,500; that the defendant makes no claim that the plaintiff was to do anything other than the excavating, digging, removing of all earth, boulder and other matter, and leave sand for completion of work on the premises 312 and 314 Eighth avenue, for the sum of $3,500, payments to be made as the work progressed; that the contract did not include underpinning of adjoining premises, and rocks were to be removed by other parties." The court then directed that the trial should proceed before the jury.

Upon the trial the plaintiff offered evidence bearing upon the issue as to the reformation of the contract, and the defendants' counsel objected to such evidence, and, upon his objection, it was excluded, and no evidence was received bearing upon that issue. The trial proceeded, and it was undisputed that the plaintiff had been paid only $900, and the jury awarded him a verdict for $2,000 besides interest. Judgment upon the verdict having been affirmed, the defendants have brought this appeal, and they now claim, among other things, that the plaintiff was not entitled to payment without the production to them of the architect's certificate, as required in the contract as originally drawn.

We think the counsel for the plaintiff is right in his claim that that portion of the contract requiring the production of the certificates must be deemed to have been stricken from the contract, and thus that the contract was reformed in reference thereto. We think that is the plain purport and effect of the stipulation given at the commencement of the trial, and that it was so understood by the defendants' counsel when, upon his objection, all the evidence offered on the part of the plaintiff upon the issue as to the reformation of the contract was excluded by the court. After what took place upon the trial, it would be extremely unjust now to hold that the plaintiff was bound by so much of the contract as he claimed was inserted

by mistake, and the case should now be treated as if the con-
tract had been reformed as prayed in the complaint.

Thus the only issue to be tried at the Circuit was, whether
the plaintiff had performed his contract.    Upon that issue, the
plaintiff gave evidence tending to show that he had performed
his contract, and that the defendants promised to pay him the
balance of the contract price.    The defendants gave evidence
tending to show that he had not performed his contract, and
that they had been obliged to expend considerable sums of
money to complete the work which he had contracted to do ;
and the trial judge charged the jury that, if he had not sub-
stantially performed his contract, he could not recover the bal-
ance of the contract price ; but that, if he had substantially
performed the contract, although a small and unimportant por-
tion thereof remained to be performed, he could recover the
balance of the contract price less the expense of performing
the portion left unperformed by him.    There was no exception
to the rule of law thus laid down, and there could be no valid
exception thereto.   (*Glacius* v. *Black*, 50 N. Y. 145 ; *Heck-
mann* v. *Pickney*, 81 id. 211 ; *Nolan* v. *Whitney*, 88 id. 648 ;
*Whelan* v. *Ansonia Clock Co.*, 97 id. 293.)

It is true that the jury apparently allowed the defendants
$600 for the expense of doing work which the plaintiff was
bound, under his contract, to do ; and if it had appeared upon
the trial, without dispute, that such a substantial portion of
the work remained undone, and the objection had been prop-
erly taken, it may well be that the plaintiff could not have
recovered upon the theory of a substantial performance.    But
there is no exception which now presents the point to us.
There was proof upon the trial tending to show substantial
performance.    The proper rule of law was laid down to the
jury, and there is no exception which we can consider upon
which the defendants can claim that the judgment should now
be reversed because there was not substantial performance.
The trial judge could have set aside the verdict, because the
jury either misconceived the facts or his instructions upon the
law.    But this court reviews only exceptions pointing out errors.

There was also evidence from which the jury could have inferred that the defendants waived any further performance on the part of the plaintiff. He testified that when he left there was some more work to be done, and that the defendants promised to send him word whenever they wanted any more of the earth removed, and that they never sent him word. The evidence showed that subsequently, some two or three months after he left the work, he sent men and teams to the lots to remove more of the earth, and that the defendants prohibited such removal at that time. For this reason, therefore, the jury could have found upon the evidence that the defendants waived further performance of the contract on the part of the plaintiff.

There was still another ground upon which the plaintiff could have been excused from complete performance in case the performance was in fact incomplete. The contract required the defendants to make the plaintiff payments as the work progressed. After he had received the $900 and had earned, as the jury have found, $2,000 more, he asked the defendants for some more money, and they promised to pay him $1,500, and afterward refused to pay him anything, and thus there was a breach of contract on their part. This took place before the plaintiff abandoned work upon the contract. This breach of contract on the part of the defendants would have justified a refusal on the part of the plaintiff to proceed further with the contract and warrants a recovery for the work done.

So, if we treat the contract as reformed and all therein contained requiring the architect's certificate as stricken out, there can be no ground for saying, upon the evidence in the case, that the jury could not properly render the verdict which they gave the plaintiff.

But we reach the same result if we regard the requirements of the architect's certificate as still in the contract. Then the plaintiff was entitled to the certificates from time to time as the work progressed and as payments became due from the defendants, and after, as the jury have found, there was $2,000 due him in addition to the $900 which he had received, he

applied for the certificate that he might obtain a further payment, and the application was denied. The jury were authorized to find that that was such an unreasonable refusal as would dispense with its production. There was evidence also on the part of the plaintiff that he applied to the architect for a certificate, and the architect stated to him that, on account of the conduct of the defendants, he would not give it, or have anything more to do with the matter, and he reported this to the defendants and they stated that they would see about it. Certainly after that he was not obliged to make any further application to the architect for his certificate which he had thus arbitrarily declined to give. (*Thomas* v. *Fleury*, 26 N. Y. 33 ; *B. N. Bank* v. *Mayor, etc.*, 63 id 339 ; *Nolan* v. *Whitney*, 88 id. 648 ; *Smith* v. *Alker*, 102 id. 90.)

There was also evidence tending to show that the defendants waived the production of the architect's certificate. After the plaintiff claimed that he had substantially performed the contract they promised to pay him $1,500 and the balance at a future time, and they made no requirment whatever that the architect's certificate should be produced.

The objection on the part of the defendants that the complaint was not sufficient is a very technical one, as the real merits of the entire controversy between the parties were litigated ; and manifestly no harm came to the defendants from any imperfection in the complaint. A technical answer, therefore, to the objection is justifiable, and that is, that no proper or sufficient objection was taken to the form or substance of the complaint at the trial, and it must, therefore, be deemed sufficient to justify all the evidence given. There was undoubtedly a sharp conflict in the evidence, but the verdict of the jury settled that, and concludes us as to the facts.

There are some minor exceptions appearing in the record which require no particular notice.

We see no reason to doubt that substantial justice was done by the verdict, and the judgment should be affirmed with costs.

All concur.

Judgment affirmed.