FERREE *v.* WILSON.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

**1. CONTRACTS—FACTS EXCUSING NONPERFORMANCE—QUANTUM MERUIT.**

Plaintiff agreed to publish an advertisement a specified length of time for a stipulated amount, which defendant agreed to pay at a certain date before the expiration of the time of publication. Defendant failed to make the payment, and plaintiff discontinued the advertisement. *Held* that, as defendant made default in the payment, it was optional with plaintiff whether or not to continue the advertisement, and he might recover for the actual insertions.

**2. ACTION ON CONTRACT—NONSUIT.**

In an action on a contract, defendant is not entitled to a nonsuit because plaintiff's evidence showed nonperformance on his part, where it also appears that defendant made the first default.

17 N. Y. Supp. 453, reversed.

Appeal from city court, general term.

Action on a contract by Samuel P. Ferree against James G. Wilson. From a judgment of the general term of the city court, reversing a judgment for plaintiff entered on the verdict of a jury, and reversing the order denying defendant's motion for a new trial, and ordering a new trial, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Robinson, Bright, Biddle & Ward,* (*H. G. Ward,* of counsel,) for appellant. *Francis Forbes,* for appellee.

DALY, C. J. The question discussed in the trial court was whether the plaintiff was bound, under his contract with the defendant, to publish the advertisement for six months or seven months; that is to say, whether there was but one agreement to publish, from October 1, 1888, to April 1, 1889, or two agreements, one for October and another for six months thereafter. The advertisement was actually published for six months preceding April 1, 1889, and no more; and the general term of the city court set aside a verdict for plaintiff upon the ground that the true construction of the writings between the parties required publication to the 1st of May. There is ground for the conclusion of the city court that there was a contract for six months from November 1, 1888; but we do not agree with its disposition of the claim made by plaintiff, that although he did not complete the contract the defendant cannot prevent a recovery for the work actually performed, since defendant was first in default, for nonpayment of the stipulated price. It appears that one of the terms of the contract accepted by defendant was that the whole price, $168, was to be paid on January 1, 1889. This is clear from the letters of October 2d, 3d, and 4th, and the unqualified acceptance of October 5th. As defendant committed a breach of the contract in failing to make the stipulated payment, the plaintiff could stop the work, and recover for what he had actually done. *Flaherty* v. *Miner,* 123 N. Y. 382, 25 N. E. Rep. 418; *Canal Co.* v. *Gordon,* 6 Wall. 561; *Construction Co.* v. *Seymour,* 91 U. S. 646; *Moore* v. *Taylor,* 42 Hun, 45. Plaintiffs were not bound to discontinue the work immediately. They might give defendant time, and continue with their performance of the contract. The defendant cannot complain of the indulgence thus extended to him. This disposes, also, of the question as to the nondelivery of the publication containing the advertisements.

The exceptions did not require reversal of the judgment. The motion for nonsuit was properly denied. It was not based upon variance between the pleading and the proof, but upon the nonperformance of the contract proved; and, when plaintiff rested, it appeared that defendant was in default in his payment. The exceptions relating to the attempt to prove the defense of fraudulent representations as to the circulation of the periodicals in which plaintiff induced defendant to advertise were not well taken. The defendant

failed to show that the circulation of the publications was below the total represented. The question put to the plaintiff, as to what he remembered concerning the circulation, did not prove the defense, and called merely for hearsay. The question to defendant as to what induced him to reply to the letter of the plaintiff called for no testimony that was material or competent, as it had not been shown that there was any false representation; but in fact the question was answered by his testimony as to the representations contained in the inclosure accompanying the letter. The judgment of the general term should be reversed, and the judgment of the trial term affirmed, with costs. All concur.