Mayham, J.
This action was prosecuted to recover a balance claimed to be due the plaintiff from the defendant on a contract between plaintiff and defendant for cutting and skidding logs and cutting and piling wood along the track of the Northern Adirondac Extension Railroad.
The complaint alleges that the plaintiff entered into an agreement with the defendant to cut the timber along the right of way of the Northern Adirondac Extension Railroad from Big Marsh, so called, to Tupper’s Lake station, a distance of about eighteen miles, timber fit for that purpose to be cut into saw logs at an agreed price of thirty-five cents per 19-inch standard, to be paid for twenty-five cents per standard when said logs are skidded and accepted by the defendant, and ten cents per standard when the contract was completed, and the remainder of the timber along such right of way to be cut into cord-wood at and for the agreed price of seventy-five cents per cord, to be paid by the defendant as follows: Sixty-five
cents per cord when measured and accepted and the balance of ten cents per cord when the contract is completed. The complaint further alleges that the plaintiff under this contract cut 404 cords of wood and about sixty standard logs, admits payment of $272.60, being sixty-five cents per cord for the wood and ten dollars to apply on the .logs.
The complaint also alleges the cutting of 202 cords more of wood and sixty-eight standard saw logs, and admits payment thereon of $56.00, but alleges the refusal to pay according to the contract the sixty-five cents per cord for wood and twenty-five cents per log for the logs, and charges that as a breach of the contract of the defendant, and claims damages in the sum of $300. The answer sets up the contract substantially as that alleged in the complaint, except that the cord-wood was to be cut four feet and four inches long, and that it was to be good, merchantable cord-wood and cut and piled in a good, merchantable manner, and that the logs were to be skidded at a suitable height to be conveniently loaded on railroad *144 cars, and alleges a breach of the contract on the part of the plaintiff in various particulars, and claims damages to the amount of $200.
The main contention in this case seems to be whether this was an entire contract for the performance of this, work, so that a complete performance was a condition precedent to the liability on the part of the defendant to-pay for the same,, and, if it was, then which of the parties-was first in default in the performance of his obligation.
The complaint alleges that the plaintiff contracted to-cut thewood and logs on the right of way for the whole eighteen miles between the swamp and Tupper Lake station. This would seem to make the performance of this-work one entire job, for the performance of which the-plaintiff would be liable, and proof of performance would be a pre-requisite to plaintiff’s right of recovery, unless the failure of the defendant on his part to perform some of the conditions obligatory upon him relieved the plaintiff from full and complete performance (McMillan v. Vanderlip, 12 Johns. 165 ; Crane v. Knubel, 61 N. Y. 645). But it is insisted by the plaintiff that the defendant was guilty of a breach of the agreement on his part in not measuring- and accepting the 202 cords of wood and the sixty-eight logs last cut, and by reason of that failure on the part of the defendant the plaintiff was at liberty to abandon the further performance on his part and sue for and recover upon the contract price the balance at that time not paid. If the plaintiff was right in this contention upon the facts, the rule of law contended for by him would apply: The law would not compel the plaintiff to-proceed with the contract, and perform all he had agreed to do under it, after the defendant had failed on his part to pay the stipulated instalments at the time they fell due, and while he was in default on such payments (Moore v. Taylor, 42 Hun, 45); and if such default existed, the plaintiff for the work actually performed could recover at the contract price (Whelan v. Ansonia Clock Co., 97 *145 N. Y. 293). There was a conflict in the evidence whether the work as far as performed was done in accordance with the terms of the contract, and whether the defendant had failed to pay the instalments on the contract as they fell due.
These disputed facts were, we think, properly submitted to the jury under proper instructions from the learned trial judge, and their verdict upon the disputed facts should not, we think, under the evidence in this case,, be disturbed.
Judgment affirmed, with costs.
Learned, P. J., and Land on, J. concurred.
Note on Rescission or Breach of a Partly Performed-Contract.
The following authorities illustrate the rules governing the rights of parties who rely upon a breach of the contract by the other party, as the basis of its rescission or termination, and a. recovery based upon partial performance.
For rescission on the ground of fraud, which requires restoration, see note in 14 Abb. N. C. 301. The word " rescission ” is-often and not improperly used to mean cutting off, termination. Thus Bispham (Eg. J.. 556, § 506) says : “ A dissolution of the partnership is a rescission of the contract,” meaning, of course, a rescission, as to future transactions.
1. Power to rescind.] When a contract has been executed wholly or in part by the passage of a consideration, it cannot be-discharged by a simple agreement, but only by performance of its; terms, by a release under seal, or by an accord and satisfaction^ Foster v. Dawber, 6 Ex. 839.
2. A written release, not under seal and without consideration^ of a right of action upon a written instrument, is ineffectual as-against the releasor. Crawford v. Millspaugh, 13 Johns. 87.
To same effect, Seymour v. Minturn, 17 Id. 170.
Compare Jaffray v. Davis, 124 N. Y. 164, and cases cited;: McKenzie v. Harrison, 120 N. Y. 260.
3. An executed contract cannot be rescinded on account of the failure of a party to perform his covenants. Hartshorn v. Day,.19; How. (U. S.) 211.
*146 4. Partial rescission.] Where there is a failure of title to a portion of the property embraced in the contract of sale, the buyer is not bound to rescind the contract in toto but may retain so much of the property as he has secured a title to and have his damages for the loss of the residue. McKnight v. Devlin, 52 N. Y. 399.
5. A party who seeks to rescind a contract must rescind in toto and place the opposite party in the position he was in before the contract was made. Howard v. Hayes, 47 Super. Ct. 89; affirmed without opinion, 90 N. Y. 643.
6. The rule that a party cannot rescind a part and affirm a part of a contract, does not apply to prevent a vendor from refusing to accept damaged goods improperly included in a stock purchase. Vernol v. Keeler, 47 N. Y. 674.
7. Notice of ijitejitioni\ If a party means to rescind a contract 'because of the failure of the other party to perform it, he should give a clear notice of his intention to do so, unless the contract itself dispenses with such notice, or unless notice .becomes unnecessary by reason of the conduct of the parties. Hennessy v. Bacon, 137 U. S; 78.
8. Effect of rescission^ Where a lease is surrendered and can-celled, no obligation arising therefrom continues after such cancellation, and the lease and all obligations accruing out of it cease to be operative, either as evidence of the rights of the parties in respect to the subject of a new lease, or as the standard of aright or obligation resting upon either of them. Chemung R. R. Co. v. Erie R. R. Co., 13 Weekly Dig. 166.
9. Where án agreement has been rescinded by the defendant, the plaintiff may, under account for money had, etc., recover back money paid by him on account of the agreement. Raymond v. Bearnard, 12 Johns. 274.
10. It seems that when by mutual consent a contract has been rescinded, a party may recover for the work and labor he has already bestowed upon it, and if the "work has been fully performed, a recovery may be had for the stipulated price, the special contract "being used as evidence of value. White v. Hewitt, 1 E. D. Smith, 395.
11. Breach as effecting or authorizing a rescission.] Where a .contract is shown to have been executed, the presumption of law favors its continued existence as a subsisting agreement, in the .absence of positive proof of the rescission by the parties. An insistence on the part of one that a departure from the contract oper *147 ates to cancel it, and the other denying such effect, will not result in a rescission, the effect of which would be to put an end to the contract in loto. The law is well settled that an alteration of or departure from the terms of a contract does not per se operate as a .rescission of the whole. Meyer v. Hallock, 2 Robt. 284.
12. The refusal of one party to acontract to permit further performance of the contract on the part of the other, operates as a rescission of the contract, and entitles the latter to recover upon a quantum meruit for what he has done under it. Powers v. Hogan, 6 State Rep. 239.
13. Where the buyer in an executory contract of sale of manufactured articles notifies the seller that if the articles are not delivered within two days thereafter he will make a contract with other parties, his act operates, after the expiration of the limited time, as :a rescission of the contract, and thereafter the only-remedy of the other party upon it is an action for damages for breach. Ackerman v. Voorhies, 33 Super. Ct. 487.
14. A party to an agreement has a right upon breach by the other party, and notice by the latter that he will not perform the terms of the agreement, to cancel the same and recover back the property with which he has parted under the agreement. Redfield v. Middleton, 1 Abb. Pr. N. S. 15.
15. Where the seller of property under an agreement to accept payment of price in specific property, violates his agreement by taking back the property sold by him, his act operates as a rescis.sion of the contract on his part, and imposes upon him the legal duty of paying the value of the property which he has already received in payment. Cook v. Reynolds, 5 Weekly Dig. 79.
16. Where the buyer under an executory contract for the sale of .goods deliverable in instalments has failed to carry out his portion of the agreement by permitting acceptances given for part of the purchase price to go to protest, the seller has a right to put an end to the contract and sue for the value of goods already delivered. In such case the default of the buyer in the payment of the acceptances authorized the seller to terminate the contract. Kokomo Straw Board Co. v. Inman, 33 State Rep. 1008.
17. Effect of breach on performance of dependent acts.] It is a well settled principle of law in the construction of contracts, that when the obligation of performance by one party presupposes the doing of some act on the part of the other prior thereto, that the neglect or refusal to perform such act not only dispenses with thé *148 obligation of performance by the other, but also entitles him to-rescind, or when rescission will not afford him an edequate remedy, to continue the work and recover such damages as the delinquency has occasioned, against the defaulting party. Mansfield v. N. Y. Central, etc., R. R. Co., 102 N. Y. 205, 211.
18. A contractor who is entitled by the terms of the contract to receive payment of instalments pending the work, is entitled to-recover such instalments, notwithstanding his refusal to complete the work on account of their non-payment; but such failure to pay instalments when due, while it may authorize an abandonment of the work, will not entitle the contractor to recover prospective damages, as it does not prevent performance. Moore v. Taylor, 42 Hun, 45.
19. The fact that the buyer of goods under a contract for their delivery in specified monthly instalments, accepts a delivery for a certain month of less than the amount called for by the contract,, but without knowledge that the delivery will not be completed within the specified time, is not thereby deprived of the right to-rescind the whole contract for failure to make such delivery. Norrington v. Wright, 115 U. S. 188.
20. Where the buyer of a quantity of brick, deliverable in twoinstalments, after receipt of the first instalment attempts to rescind the contract for delay in the second delivery, the seller has a right to accept his act as a rescission of the contract, and may without further delivery recover the value of the first instalment. Terwilliger v. Knapp, 2 E. D. Smith, 86.
21. Remedy; measure of damages.^ Recovery may be had upon. quantum meruit for work done under a building contract, where the-contractor has failed to perform his work on account of the refusal of the owner to allow him to continue it. Powers v. Hogan, 67 How. Pr. 255.
22. Where the rescission of a contract results from the breach of it by one of the parties, he cannot claim to be placed thereby in a better position than he occupied when the contract was made, if therefore a certain sum is by agreement of the parties to be paj'able to him in land by crediting the amount upon the purchase money of the contract, which contract is rescinded by the vendor by reason of the purchaser's failure to perform its terms and make the subsequent payments, he is not, upon such rescission, entitled to recover the amount of the first instalment in cash. Battle v. Rochester City Bk., 3 N. Y. 88.
*149 23. When parties deviate from the terms of a special contract, the contract price will, so far as applicable, generally be the rule of damages. But when the contract is terminated by one party against the consent of the other, the latter will not be confined to the contract price, but may bring his action for a breach of the contract and recover as damages all that he may lose by way of profits in not being allowed to fulfill the contract; or he may waive the contract and bring his action on the common counts for work and labor generally, and recover what the work done is actually worth. But in the latter case he will not be allowed to recover as damages anything for speculative profits, but the actual value of the work and materials must be the rule of damages. He cannot assume the contract price as the true value of the work necessary to complete the whole job, and then recover the proportion which the work done will bear to the whole job, although it may amount to more than either the contract price or the actual value. This would be allowing indirectly a recovery for speculative profits upon the common counts. If the party seeks to recover more than the actual worth of his work, in a case where he has been prevented from performing the entire contract, he must resort to his action directly upon the contract; but when he elects to consider the contract rescinded, and goes upon the quantum meruit, the actual value is the rule of damages. Clark v. Mayor, etc., of N. Y., 4 N. Y. 338, 342.
24. Where a builder refuses to proceed with his contract by reason of the failure of the owner to pay an instalment due, the latter cannot claim a forfeiture of the contract because the builder refuses to complete the work after notice to do so, and if, upon such failure, the owner proceeds to complete the work himself, those claiming under the contractor are entitled to receive not only the sum unpaid at the time of the breach, but the entire contract price less the cost of completing the building. Graf v. Cunningham, 109 N. Y. 369.
25. So far as work was done under a special contract, the prices specified in it, are as a general rule, to be taken as the best evidence •of the value of the work. Koon v. Greenman, 7 Wend. 121 ; McConihe v. N. Y., Lake Erie, etc., R. R. Co., 20 N. Y. 495.
26. A contract licensing the manufacture of a patented article ( felt cloth) for a specified sum per yard, and requiring the manufacture to be of a certain fineness, contained a provision that a violation of the conditions by the manufacturer should forfeit the right to manufacture. The manufacturer having violated the agreement, the owner of the patent notified him in writing that his right to manufacture having ceased and determined by the breach *150 of the agreement he was absolutely forbidden further to manufacture.— Held, in an action brought to recover the specified sum per yard upon the cloth manufactured that a recovery could be had as. well upon that manufactured after as before such notice. Union Manufacturing Co. v. Lounsbury, 41 N. Y. 363.
As to the right to recover prospective damages, see also case 18 - above.
27. Form of actionl\ To warrant a recovery as for money had and received paid under a special contract, a strict performance must be shown by the plaintiff, the same as if he had sued on the special contract itself, unless the contract has been expressly rescinded, or impliedly so, as by nothing having been done under it. for a long time or the party sought to be charged having acted inconsistent with it. Green v. Green, 9 Cow. 46; Lawrence v.Simons, 4 Barb. 354.