(23 Misc. Rep. 653.)

### PENNIMAN v. LA GRANGE.

(Supreme Court, Appellate Term. June 6, 1898.)

STIPULATION AS EVIDENCE.

In an action to recover for six months' services, under a contract by which the defendant employed the plaintiff's assignor to advertise her restaurant during 12 months, and by which she agreed to pay therefor $120 in equal installments at the end of each month, the defense was that the contract was entire, and that the plaintiff's assignor had failed to complete its contract for the entire year. On the trial the plaintiff offered in evidence a stipulation by defendant's counsel admitting the contract, the

performance thereof for the six months claimed, and nonpayment. *Held*, that the stipulation was material and competent, and that its rejection was error.

Appeal from Eighth district court.

Action by Samuel Penniman against Amelia Jane La Grange. From a judgment for defendant, plaintiff appeals.    Reversed.

For former opinion, see 50 N. Y. Supp. 710.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Ginsburg & Mathot, for appellant.
William J. Walsh, for respondent.

GILDERSLEEVE, J.    On or about December 23, 1896, defendant entered into a contract with plaintiff's assignor, the United States Guide & Information Company, by which she employed said company, for the term of 12 months from January 1, 1897, to advertise and recommend her restaurant; and in consideration for such services defendant agreed to pay said company the ·sum of $120, payable in monthly installments of $10 at the end of each month.    Plaintiff claims that the company fulfilled its part of the contract for the six months ending June 30, 1897, and that there is now due on such contract for said six months the sum of $60.    The defense is based upon the claim that the company failed to complete its contract for the entire year; that in July, 1897, it became defunct, and went out of existence; and that the contract is an entire one, and no recovery can be had in the absence of complete performance.    On the trial, before any witness had been called, the counsel for the plaintiff offered in evidence the following stipulation, to wit: "Defendant's counsel admits the making of the contract, the performance of the contract for the time specified in the complaint, and nonpayment."    This stipulation was ruled out by the trial justice, on defendant's objection, upon the ground that it was irrelevant, incompetent, and immaterial, and on the further ground that said stipulation applied only to the issues raised by the original answer, and not to those raised by the amended answer, which last was made and filed subsequent to the making of said stipulation.    To this ruling plaintiff duly excepted.

It is a well-settled rule that where an absolute and unqualified admission is made in a pending cause, whether by written stipulation of the attorney or as matter of proof on the hearing, it cannot be retracted unless by leave of the court.    Converse v. Sickles, 16 App. Div. 49, 44 N. Y. Supp. 1080.    We think the stipulation was material and competent, and that its rejection was error.    It showed that plaintiff's assignor had fulfilled its part of the contract for the first six months, and that defendant had defaulted in the payment of the monthly installments. of $10 due at the end of each of these six months.    In the case of Moore v. Taylor, 42 Hun, 45, it was held that a contractor who is entitled by the terms of the contract to receive payment of installments pending the work is entitled to recover such installments, notwithstanding his refusal to complete the work on account of their nonpayment; although such failure to pay in-

stallments when due, while it may authorize an abandonment of the work, will not entitle the contractor to recover prospective damages, as it does not prevent performance. In the case of Strack v. Hurd, 28 Abb. N. C. 143, 16 N. Y. Supp. 566, the general term of the supreme court in the Third department held that the law will not compel a contractor to complete performance of an entire contract, as a condition of recovery, where the other party has failed, on his part, to pay stipulated installments at the time they fell due, and while he is in default on such payments; but that, if such default exists, the contractor may recover for the work actually performed at the contract price.

We are of the opinion that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

BEEKMAN, P. J., and GIEGERICH, J., concur in result.