(40 Misc. Rep. 194.)

### TICHENOR v. BRUCKHEIMER.

(Supreme Court, Appellate Term.  March, 1903.)

1. ACTION FOR SERVICES—PLEADING.

 A corporation hired plaintiff for five years at a yearly salary, payable in weekly installments. On its insolvency, plaintiff sued for the unpaid salary for 23 weeks, and alleged that he had duly performed all the conditions of the contract, which he pleaded, on his part. *Held* error to dismiss the complaint on the theory that he had alleged performance for five years, as the complaint must be construed to allege performance only during the time for which he sued.

2. SAME—BREACH OF CONTRACT.

 Where, under a contract, a servant is to be paid weekly, his abandonment of the work on default in payment does not estop him from recovering what he had earned.

Appeal from City Court of New York, Special Term.

Action by Bryan W. Tichenor against Samuel Bruckheimer, receiver of the Lawyers' Stenographic & Printing Company. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Bowers & Sands (Van Sinderen Lindsley, of counsel), for appellant.

Blumenthal, Moss & Feiner (Benjamin F. Feiner, of counsel), for respondent.

¶ 2. See Master and Servant, vol. 34, Cent. Dig. §§ 96, 98.

GIEGERICH, J. The plaintiff was employed by the defendant receiver's corporation, before its insolvency, on the 29th day of March, 1901, for a term of five years, beginning April 1, 1901, at a yearly salary of $1,700, to be paid in equal weekly installments. The action is brought for an unpaid balance under this contract for a period of 23 weeks, extending from April 1, 1901, to September 17, 1901; the total amount earned for that time being, as alleged, $751.-87, of which $438.49 is admitted in the complaint to have been paid, and judgment is demanded for the balance of $313.38. After pleading the contract in its effect, the complaint alleges that "the plaintiff duly performed all the conditions thereof on his part." Upon the trial the plaintiff proved performance of his duties under the contract up to the 9th day of September, 1901. Upon cross-examination he admitted that he left the employment on the latter date. On redirect, he was asked why he did so, but was not allowed to answer, objection being made that the inquiry was irrelevant, immaterial, and incompetent. The complaint was then dismissed for failure of proof, and a motion made on the minutes for a new trial was denied.

The theory of the dismissal seems to be that as the contract was for a term of five years, and the plaintiff averred performance of all the conditions on his part, he could not recover, under that state of the pleadings, without proof of performance for the entire five years. In support of the decision the familiar rule is invoked that, under an allegation of performance, excuse for nonperformance cannot be proved. Oakley v. Morton, 11 N. Y. 25, 62 Am. Dec. 49; Schnaier v. Nathan, 31 App. Div. 225, 52 N. Y. Supp. 812; La Chicotte v. Richmond R. & El. Co., 15 App. Div. 380, 44 N. Y. Supp. 75.

In this case, however, there is an excuse for nonperformance pleaded, viz., the failure of the employer to pay the installments as they fell due. In Wood on Master & Servant (section 85) it is said:

"When by contract of hiring the servant is to be paid monthly or quarterly, or at any stated periods, when such periods arrive a right of action to the extent of the wages then earned attaches; and, even though the servant abandons the service after the wages have so become due and payable to him for part performance, he can sue for and recover the amount. It is only in cases where the contract is entire, and performance is a condition precedent to the payment, that no recovery can be had for partial performance. When the contract provides for payment of wages weekly, monthly, or quarterly, a failure to pay according to the contract furnishes a good excuse on the part of the servant for putting an end to the service unless payment at the time is expressly waived by the servant, and a mere neglect to call for his pay for several months does not operate as a waiver."

So, too, in Tipton v. Feitner, 20 N. Y. 423, the court said at page 429:

"But suppose a contract for a year, the employers agreeing to pay the servant ten dollars at the end of each month, and a part performance and subsequent breach by the servant; the employer being in arrear for several full months. In such a case I conceive that the servant should be permitted to recover for the wages earned, subject to recoupment of the master's damages for the time covered by the breach. I am ignorant of any principle upon which it could be held that he could not recover anything. It certainly cannot be upon the ground of the nonperformance of a condition precedent, for it is absurd to say that, under such a contract, serving the last month was a condition to the payment for the first."

See, also, Strack v. Hurd (Sup.) 16 N. Y. Supp. 566; Penniman v. La Grange, 23 Misc. Rep. 653, 52 N. Y. Supp. 27.

To construe the allegation of performance in the present instance as meaning rendering of services up to the 31st day of March, 1906, the date on which the contract term would expire, and to refuse any relief because such performance could not be shown, is a thing that obviously should not be done, except as a last resort, and in the absence of any reasonable interpretation that can be given to the allegations.

In our opinion, the complaint is plain and sufficient. The allegation of performance "of all the conditions" on plaintiff's part means, of course, the performance of all the obligations placed upon him by the contract during the period sued for, or perhaps up to the time suit was commenced. The complaint is silent as to whether or not plaintiff continued to perform after the last day of the period sued for, and whether he did or not was immaterial, in view of the further allegations of nonpayment of overdue installments by the employer. It was then for the latter to advance with excuses for the apparent breach on its part, or counterclaim for any default on the plaintiff's part.

Our conclusion is that the complaint, properly construed, avers only performance during the period sued for. But as said, if it did appear on the face of the complaint, as it does not seem to, that there was nonperformance thereafter, an excuse for such nonperformance is also set forth. The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and a new trial ordered, with costs to appellant to abide event. All concur.