### NEW PUBLICATION CO. v. STERN et al.

### SAME v. ZEISLER.

#### (Supreme Court, Appellate Term.    February 9, 1911.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—DIRECTED VERDICT.
    Upon appeal from an order directing a verdict for defendant, it must be assumed that the evidence offered by plaintiff established the facts it purported to prove, if such evidence was admissible.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. CONTRACTS (§ 261*)—RESCISSION—GROUNDS—BREACH OF CONTRACT.
    Where plaintiff agreed to publish defendant's advertisement monthly, in consideration of a certain sum, payable monthly, upon defendant's failure to pay such monthly installments when due, plaintiff could rescind, and recover the amount due on the contract up to the time publication was discontinued.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1174–1180; Dec. Dig. § 261.*]

3. CONTRACTS (§ 262*)—RESCISSION—WAIVER.
    That plaintiff, who agreed to publish advertisements for defendant for a certain period in consideration of a certain sum payable monthly, did not take advantage of prior breaches by defendant in failing to pay installments, did not waive plaintiff's right to rescind for a subsequent breach.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1181–1183; Dec. Dig. § 262.*]

4. CONTRACTS (§ 267*)—RESCISSION—MOTIVE.
    Where defendant breached his contract to pay plaintiff a certain sum in monthly installments for publishing an advertisement by failure to pay several installments when due, plaintiff could rescind and discontinue publications, and recover the installments due for services already rendered, irrespective of what motive induced him to do so, and that plaintiff was then induced to discontinue defendant's advertisement by the request of wealthier advertisers would not defeat recovery.
    [Ed. Note.—For other cases, see Contracts, Dec. Dig. § 267.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Actions by the New Publication Company against Elias M. Stern and another, doing business as the U. S. Tire Company, and against Louis Zeisler, doing business as the Excelsior Tire Company. From judgments in each case for defendant on a directed verdict, plaintiff appeals. Reversed, and new trial ordered.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Clarence J. Shearn (MacDonald De Witt, of counsel), for appellant.

Stackell & Louis, for respondents.

DELANY, J. The above-entitled causes were tried together; the main facts being the same as to both defendants. The actions were brought, after alleged breaches of contract by the defendants, to recover the agreed price or value of inserting certain advertisements of defendants' wares in plaintiff's monthly publication. At the close of the case each party asked for the direction of a verdict, and the court gave judgment for the defendants. The plaintiff appeals therefrom to this court.

The essential facts are as follows: The plaintiff entered into an agreement with each of the defendants which reads:

"You are hereby authorized to insert our advertisement in Motor, to occupy one inch or more space, for twelve consecutive insertions, for which we agree to pay yearly rates dollars per issue payable monthly; 5% cash discount if paid by the 10th of the month, 30 days net. Advertisement to commence March issue, May issue, respectively."

In accordance with this agreement the plaintiff published the advertisements regularly until the August number, when the advertisements failed to appear. At that time each defendant was in arrears in the payment of the monthly installments for several months. The plaintiff thereafter sued for the amount of the arrears at the agreed monthly price as the value of the service rendered up to the date of the discontinuance, on the ground that defendants had committed a breach of the condition of the contract and thus absolved the plaintiff from further performance of it. The defendants, however, contend that there was no breach of the condition on their part, because there was no notice to them by the plaintiff that, if the arrears were not paid, it would consider their nonpayment a breach and discontinue the publication of their advertisements, and, furthermore, that plaintiff discontinued the advertisements, not because of the nonpayment of the installments, but because it desired to please wealthier rivals of the defendants in the same business, who objected to the insertion of their advertisements in plaintiff's publication.

The trial judge admitted evidence, over objection and exception, to the effect that one Hildreth, who solicited and made advertising contracts for plaintiff, had said, after the making of the contracts, but before the discontinuance of the publication of the advertisements, that he was "going to hold out" as long as he could against the influence of these objectors, and had also said, after the discontinuance, that it was done because of their pressure. Hildreth denied making such statements; but, inasmuch as there was a motion for the direction of a verdict, and no request to go to the jury on the fact, it must be assumed, if this evidence was admissible, that it established the fact. The trial judge sets forth his theory of the law of the case in deciding for the defendants. He says:

"It does not appear to me from the evidence that these advertisements were discontinued because of the nonpayment of the previous amounts due on the contracts made, respectively, by plaintiff with these defendants. The reasons were other than that, and therefore I must say that the plain-

tiff did not exercise as against either one of these defendants the right to claim the contract abrogated because of the nonpayment within 30 days of the amounts which were due on the contract. That being so, the contracts in my judgment were not broken by the defendants, but were broken by plaintiff for reasons which do not appear in the contract itself; and, the contract having been broken by failure of the plaintiff to insert the advertisements subsequent to the time for which it seeks to collect and forming part of the yearly contract, it cannot recover in this action."

I think in this the learned court committed error. When one contracts to do certain acts for a stated period, he is bound ordinarily for the full time of the contract; for as to time the contract is entire. But when the performance of services is conditioned on the payment of money in installments at fixed times in the interim, he may, on the failure of the other party to make such payments according to the terms, elect to consider the condition as broken, and is thereafter relieved from further performance on his part. He is then at liberty to sue for the value of the work done, and is entitled to recover therefor.

The defendants in these actions, to insure their right to the performance on the part of the plaintiff, should have fulfilled the condition imposed on them; and, since they failed, the plaintiff had the right to treat their failure as a breach. In these cases there were several occasions when defendants failed to pay installments; but plaintiff did not assert its rights to declare a breach. This, however, was no waiver of its right to do so, and defendants cannot consider the leniency of the plaintiff as increasing their rights or plaintiff's burdens under the contract. Ferree v. Wilson (Com. Pl.) 19 N. Y. Supp. 209. On the instant the condition was unfulfilled, plaintiff might consider the contract broken and sue for the value of the services performed. Tichenor v. Bruckheimer, 40 Misc. Rep. 194, 81 N. Y. Supp. 653; Strack v. Hurd, 28 Abb. N. C. 142, 16 N. Y. Supp. 566, and cases cited; Ferree v. Wilson, supra; Penniman v. Lagrange, 23 Misc. Rep. 653, 52 N. Y. Supp. 27; McKillop Walker & Co. v. N. Y. Prep. School, 91 N. Y. Supp. 338; Flaherty v. Miner, 123 N. Y. 382, 25 N. E. 418.

The cases cited in respondents' brief which seem to require notice before declaring a breach are those wherein the courts have recognized some equities and endeavored to protect them against foreclosure; for instance, an interest in chattels conditionally sold, or the like, and where the very nature of the case required that notice be given.

The injection into this case of the motive of the plaintiff for discontinuing the publication of defendants' advertisements was improper, and the admission of the testimony on this point over objection and exception was error. There is, therefore, only one conclusion to be reached. Defendants having failed in fulfillment of the condition, the plaintiff, without any other act on its part, could at its option elect to consider the contract broken. It is immaterial what motive impelled the plaintiff to take this course. It was its right, and it exercised it; and thereafter it was entitled to recover the value of the work done before the breach, irrespective of its motive.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.